**HILLYER, Plaintiff-Appellee, v. EAST CLEVELAND (City), Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21540.   Decided May 22, 1950.

Payer, Bleiweiss, Crow & Mollison, Cleveland, for plaintiff-appellee.

McKeehan, Merrick, Arter & Stewart, Cleveland, for defendant-appellant.

## OPINION

By HURD, J:

This action in tort originated in the Court of Common Pleas of Cuyahoga County wherein a jury verdict was returned in favor of the plaintiff in the sum of $8,000.00 and judgment entered accordingly.

Defendant's motions for judgment notwithstanding the verdict and for a new trial, having been filed and overruled, an appeal was perfected to this court on questions of law.

The issues below were joined upon the pleadings, consisting of the petition of plaintiff, the amended answer of defendant and the reply of plaintiff. In her petition the plaintiff alleged in substance that on the 2nd day of August, 1945, at about 2 P. M., as she was walking in a southerly direction upon the sidewalk on the easterly side of Hayden Avenue in the City of East Cleveland, she was injured solely and proximately by reason of the negligence of defendant, City of East Cleveland, when, without negligence on her part, her foot caught in an unsafe and dangerous portion of the sidewalk, causing her to fall and suffer serious and permanent injuries. Plaintiff further alleged that the dangerous and unsafe condition of the sidewalk had existed for many months previous to the accident; that defendant had knowledge thereof and that the condition constituted a nuisance in said thoroughfare in violation of §3714 GC.

Defendant in its amended answer, as a first defense, admitted its corporate capacity; that Hayden Avenue was and is a duly dedicated thoroughfare in said city, and admitted that plaintiff received certain injuries at the time and place alleged, but denied any negligence on its part.

As a second defense, defendant alleged that subsequent to the accident and resulting injuries, plaintiff with her husband made claim for damages against Shell Oil Company in front of whose premises the accident occurred, and that in pursuance thereof plaintiff and her husband received from Shell Oil Company the sum of $3467.63 in full settlement of all claims for injuries arising out of the accident of August 2, 1945.

Plaintiff, by way of reply, traversed the allegations of the amended answer and set forth that the sum of money received from Shell Oil Company was not in full settlement of her claim for injuries and that the release and covenant not to sue described in defendant's second defense, contained a reservation of rights to obtain full compensation from the defendant, City of East Cleveland.

The case was tried and submitted to a jury on the issues made in the pleadings. However, the trial judge excluded from the consideration of the jury the matter of the release set up as a second defense in the amended answer of defendant, holding in substance that the settlement with Shell Oil Company had no bearing or place "in the litigation due to the fact that there is in this cause no showing that Shell Oil Company had any liability; nor that the release of the Oil Company by plaintiff in any manner prejudiced defendant, City of East Cleveland." In this connection the trial judge in his charge to the jury said in part:

"Pay no attention whatever to the second defense set forth in the amended answer of the City of East Cleveland."

While there are disputed questions of fact, we think an extended discussion thereof is unnecessary and therefore present only a brief statement sufficient for an understanding of this opinion.

It appears that in November, 1929, Shell Oil Company purchased a lot at the northeast corner of Hayden and Scioto Avenues in the City of East Cleveland for gas station purposes. The lot had a frontage of 90 feet on Hayden Avenue and 82 feet on Scioto Avenue. A building was erected thereon in 1930 and two entrances or driveways were constructed on the Hayden Avenue side and one on the Scioto Avenue side. The entrances on the Hayden Avenue side were each 27 feet

wide and consisted of concrete extending from the public street and sloping upward to the public sidewalk. The concrete entrances also included as a part thereof the public sidewalk which was also constructed of concrete. In changing the property over into a commercial lot, Shell Oil Company, under permit from the City of East Cleveland, removed the curb in front of the entrances and the sidewalk on Hayden Avenue was lowered to the grade of the concrete entrance and the old flagstone sidewalk was re-laid in the 24 foot strip that separated the two concrete entrances. There is evidence in the record tending to show that thereafter the stone flagging contiguous to the concrete at the northerly entrance of the station on Hayden Avenue, sunk or dropped two and one-half to three inches, so that the stone flagging at that point was lower than the concrete portion of the sidewalk. It is the contention of plaintiff that it was this difference in the level between the sunken flagstone sidewalk and the concrete entrance that caused her to fall.

There is evidence in the record tending to show that the sidewalk where the plaintiff fell was without any defect from the date of its construction in 1930 up through 1944, and that the defective condition arose within the year preceding the accident as the result of natural wear, tear and weather.

From all of the foregoing it may be observed that plaintiff based her claims against the City of East Cleveland on its failure and neglect to repair the sidewalk and remove the nuisance alleged to exist in violation of §3714 GC.

The defendant disputed these claims of plaintiff and contended that the original construction by Shell Oil Company of the sloping driveway of which the cement sidewalk was an integral part, was for its own benefit and that there was evidence tending to show that the sidewalks and driveways as originally built by Shell Oil Company in 1930 were in the same condition at the time of plaintiff's accident in 1945.

The case having been submitted to the jury on the issues made by the pleadings and the evidence, and the jury having found in favor of plaintiff, we cannot say that the verdict of the jury was contrary to the manifest weight of the evidence.

It is the further contention of defendant that the covenant not to sue and release to Shell Oil Company was a complete release in favor of City of East Cleveland on the ground that the Shell Oil Company was the primary wrong-doer and that defendant, City of East Clevelland was only secondarily liable for passive negligence. Defendant argues that the principles enunciated in the cases of **Bello v. City of Cleveland, 106 Oh St 94**, and **Herron v. City of Youngstown, 136 Oh St 190,**

should have been applied by the trial court to the instant case, and that the trial court should have granted one of the several motions for directed verdict and failing in this, for judgment notwithstanding the verdict and that defendant is entitled now to final judgment in this court.

The settlement with the abutting property owner in the Bello case contained no reservation of plaintiff's claim against the city, but in the Herron case there was such a reservation and therefore the defendant bases its principal argument on the doctrine of the Herron case.

We have examined the record very carefully and have concluded that the trial judge correctly distinguished the instant case from the cases of Bello v. City of Cleveland and Herron v. City of Youngstown, supra.

We think this case must be distinguished from the so-called trap door and coal hole cases, such as the Bello, Herron, and similar cases where liability rests upon the abutting property owner for negligence in placing within the limits of the public sidewalk some obstruction used exclusively for his own benefit and convenience. In this class of cases, the liability rests upon the abutting property owner, not necessarily because he is an abutting property owner, but because of his negligence in placing upon a public highway an obstruction or contrivance foreign to the use of the highway, which proximately results in injury to the traveler thereon. In such cases, when the abutting property owner by his negligence creates a dangerous condition he becomes primarily liable to any person injured as a proximate result of such negligence and the city secondarily liable for such unsafe condition if it had notice thereof. Thus, where a settlement is made and release given to the abutting property owner primarily liable, an action against the city must fail under the doctrine of the Bello and Herron cases because the release to the abutting property owner defeats the right of the city to be subrogated to the rights of the injured party and to recover over its loss from the property owner.

The rule of law is quite different where the city fails in its primary obligation under the provisions of §3714 GC, to keep the sidewalk free from nuisance. In such cases the abutting property owner is not liable for failure to repair. In such cases the duty rests upon the city and not the abutting property owner to see that sidewalks are kept in a safe condition. That the law of Ohio is well settled upon this question is indicated by the cases of Sammins v. Wilhelm, 6 O. C. C. 565; Collins v. Schmitt, 11 O. D. R. 103; City of Youngstown v. Peters, 60 Oh Ap 247; Wilhelm v. City of Defiance, 58 Oh St 56. This doctrine is so well settled and

so succinctly and concisely stated in the Wilhelm case and cases cited, that we think further discussion of this point is unnecessary.

We come now to a consideration of the more important assignment of error, and that is, the exclusion by the trial judge of all consideration of the covenant not to sue and the release given to Shell Oil Company in partial satisfaction of plaintiff's injuries.

In this case, the issue was sharply drawn on the question of the proximate cause of the plaintiff's injuries and in view of the finding of the jury on this issue joined on the pleadings and evidence, we must conclude that the verdict in favor of plaintiff was predicated upon sole negligence of the city in failing to keep the sidewalk free from nuisance in violation of the provisions of §3714 GC.

We must also conclude that the jury followed the instructions of the court to disregard entirely the matter of the release and covenant not to sue executed by plaintiff and her husband to Shell Oil Company in partial satisfaction for injuries sustained, even though the jury was fully informed of the settlement because the instrument evidencing the same was admitted in evidence as an exhibit and read to the jury.

Because of the importance of the question we deem it helpful to set forth the instrument in question which, omitting the verification, reads as follows:

"RELEASE.

Covenant Not to Sue The Shell Oil Company.

Read carefully before signing.

To all to whom these presents shall come or may concern, greetings: Know Ye That Vera Hillyer and Nathanial Hillyer Address: 14112 Scioto Avenue East Cleveland Ohio (hereinafter referred to as the Claimants) for and in consideration of the sum of Three Thousand Four Hundred and Thirty-Seven 63/100 Dollars Lawful Money of the United States, the receipt of which is hereby acknowledged do hereby REMISE, RELEASE AND FOREVER DISCHARGE SHELL OIL COMPANY their agents and servants, and all other persons, firms and corporations whomsoever now have or may hereafter have, on account of or arising out of the accident, casualty and/or event which happened on or about the 2nd day of August, 1945, including those consequences thereof which may hereafter develop as well as those which have already developed or are now apparent. As a further consideration for said sum, Claimants warrant that no promise or agreement not herein expressed has been made to Claimants; that in executing

this Release Claimants are not relying upon any statement or representation made by the party or parties hereby released or said party's or parties' agents, servants or physicians, concerning the nature, extent or duration of the injuries and/or damages or concerning any other thing or matter, but are relying solely upon their own judgment; that the above mentioned sum is received by Claimants in full settlement and satisfaction of all the aforesaid claims and demands whatsoever; that Claimants are over twenty-one years of age and legally competent to execute this Release; that before signing and sealing this Release, Claimants have fully informed themselves of its contents and meaning and have executed it with full knowledge thereof. However, it is understood and agreed that said payment of Three Thousand four hundred and thirty-seven and 63/100 Dollars is not adequate compensation for the injuries sustained and the undersigned hereby expressly reserve all of their rights to obtain full compensation from the City of East Cleveland, or any other person, firm or corporation liable for injuries to them.

In Witness Whereof, Claimants have hereunto set their hands and seals on the 2nd day of July, 1947.

Vera Hillyer  
Nathanial Hillyer  
Claimants         (Seal)."

An analysis of this instrument discloses clearly the intention of the parties that the sum paid by Shell Oil Company and received by plaintiff and her husband was in partial satisfaction only of her injuries; further, that the instrument is in essence a covenant not to sue, because of the language used and because of the reservation of rights against the City of East Cleveland. Moreover, the instrument shows on its face that a claim was made against Shell Oil Company, the plaintiff and her husband being described numerous times throughout as "Claimants."

It further appears, irrespective of liability, that Shell Oil Company "bought its peace" with the plaintiff by the payment of a substantial sum of money. Under these circumstances, can the plaintiff here take the position that the payment to her was in the nature of a gift or donation by one who was an entire stranger to the situation?

The subject of the release of one not liable is treated in 45 American Jurisprudence, 702, Section 38, as follows:

"Release of Persons not liable: Whether the operation of a release of one person from liability for a tort, upon the

liability of another for the same injury, is affected by the fact that the person so released was not in fact or law liable, is a question upon which the decisions are regarded as conflicting, although many of them may, perhaps, be harmonized by reference to the distinction, now so widely recognized, between the effect of a release for a consideration not intended as compensation and the effect of the receipt of a sum of money regarded as compensatory damages. Some courts hold that a release for a consideration, of one not shown to be a joint wrongdoer, will not operate to discharge others who are responsible, at least where the consideration for the release has not in fact been accepted as a satisfaction for the injury. Other courts adhere to the view that, from whatever source compensation for an injury is accepted, it will operate as a satisfaction, so that in equity and good conscience the law will not permit the party so compensated to recover again for the same injury; that the validity of the release is in no way dependent upon the validity of the claim and therefore, whether the person from whom the satisfaction came was or was not legally liable is immaterial. But in the opinion of some courts there must have been at least the appearance of liability, that is, something in the nature of a claim on the one hand, and a possible liability under the rules of law on the other."

It is established in Ohio that a release of tort feasors severally or jointly liable in an amount paid by one tort feasor in consideration of a partial release is to be regarded as a satisfaction pro tanto, to the party wronged and to that extent works a discharge to all wrongdoers.

See **Adams Express Co. v. Beckwith et al, 100 Oh St 348** (disapproving and overruling Ellis v. Betzer)

And later cases to the same effect.

In the Adams Express Company case, supra, the court said in part at pages 355 and 356:

"There is nothing peculiar or exceptional about contracts of release, or contracts not to sue, or contracts to cease prosecuting a suit. They are presumably to be construed, if in doubt, by the same rules of arriving at the intention of the parties as any other kinds of contracts . . . . . . Such engagements are all made with reference to and solely in connection with a conceded or **contended** liability for wrongs committed by two or more persons known in common law as joint tort feasors."

"Whether there was any wrong or not; whether such wrong was the proximate cause of an injury, which one, if any, or all, of the defendants is liable as charged, should be determined exactly as if no contract of settlement or satisfaction or covenant not to sue had become a part of the pleading or proof of the case. If it turns out that there is any such agreement as in the case at bar, by which partial satisfaction may have been made by other persons charged with the commission of the wrong or injury, then such partial satisfaction will inure to the benefit of all parties responsible in law for the commission of the wrong. The obligation is joint and several. It is an obligation to pay the damage done and when that damage is once fully paid, that is the end of the whole matter. But there is no reason why, unless the parties all agree, a partial satisfaction should be declared a full satisfaction. It is not so done as to contractual obligations; it should not be done as to tortious obligations." (Emphasis ours.)

While in the case at bar we do not have the issue of joint or related tort feasors, it is clear that the plaintiff, before filing suit against defendant, the City of East Cleveland, contended there was a liability for wrong committed and in response to this contention or claim, Shell Oil Company paid a substantial sum of money which was accepted in partial satisfaction of her injuries. It seems to us that the plaintiff in "equity and good conscience" is now estopped by her conduct to deny that the amount so received was in partial satisfaction of the claim even though it appears from the result of the jury verdict on the issues made in this case that defendant, the City of East Cleveland, was solely liable.

It is true there is a conflict in decisions in respect of a release of persons not liable, but we think on reason and authority, the releasor can have but one satisfaction for her injury and that where an amount has been paid by one against whom a claim was made by reason of the same accident and resulting injuries, the amount so paid may be pleaded by a defendant as a discharge pro tanto of the injuries sustained. So that in the instant case, it was the duty of the trial judge to instruct the jury in substance that plaintiff could have but one satisfaction for her injury and that in arriving at a verdict the jury should take into consideration the sum paid to her by Shell Oil Company as set forth in the second defense of the amended answer and should deduct the sum thus received as a pro tanto discharge or satisfaction for the injuries received by her from the total amount which they should

find due the plaintiff. Refusing to do so constituted prejudicial error.

It is our view that the error committed by the trial court can be cured if the plaintiff is willing now to accept a remittitur in the amount of the partial satisfaction and credit it on the judgment. In that way the prejudice will be removed. If the remittitur is accepted the judgment will be modified accordingly; otherwise, the judgment will be reversed and the cause remanded for further proceedings according to law. Exceptions noted. Order see journal.

SKEEL, PJ, McNAMEE, J, concur.