CAVANAUGH, APPELLEE, *v.* THE STRUTHERS BOWLING CENTER, APPELLANT.

(No. 3657—Decided November 4, 1954.)

*Mr. David C. Haynes* and *Mr. Theodore Macejko,* for appellee.

*Mr. William E. Pfau* and *Mr. William E. Pfau, Jr.,* for appellant.

PHILLIPS, J.   Defendant, The Struthers Bowling Center, a corporation, appealed to this court on questions of law from a judgment of the Court of Common Pleas entered upon a jury verdict returned for plaintiff in his action brought in that court against defendant to recover damages for personal injuries sustained when he slipped on ice which had accumulated in front of defendant's property, allegedly as the result of the "unusual" slope of the sidewalk in front of defendant's building, which was leased to and occupied by defendant's lessee.

Plaintiff entered defendant's building about two o'clock on the 16th day of March, 1952, when the sidewalk in question was dry and free from ice or snow.   During the four-hour period plaintiff bowled in the building, snow and ice had accumulated upon the sidewalk in front thereof.   As he left the building he slipped on ice and fell upon a bowling ball which he was carrying, inflicting personal injuries for which he sought damages from defendant.

In 1923, the city of Struthers assessed the property owners situated in the entire block in which defendant's building is situated for the construction of sidewalks.

There is evidence that the sidewalk upon which plaintiff slipped sloped northerly from defendant's building a distance of five and one-half inches in the six-and-one-half-foot width of the sidewalk, and that defendant had allowed it to remain in that condition since its construction by the city of Struthers.

There is no evidence that subsequent to construction such sidewalk was altered, or repaired, or that defendant created defects therein; or that defendant negligently maintained or permitted such defects to exist there for its own private use or benefit.

There is evidence that the sidewalk was permitted to remain in the condition in which the city of Struthers had constructed it.

"Upon the acquisition of real property, the owner becomes responsible for future injuries to third persons caused by any construction negligently maintained *for his benefit* in the sidewalk upon which his property abuts." (Emphasis supplied.) *Herron* v. *City of Youngstown,* 136 Ohio St., 190, 193, 24 N. E. (2d), 708.

In the case of *Morris* v. *Woodburn,* 57 Ohio St., 330, 48 N. E., 1097, the Supreme Court has made it clear that liability over to the city exists as against an abutting property owner, or, for that matter, against any person, who actively creates a nuisance in the sidewalk as distinguished from one whose negligence with relation to the defective condition of the sidewalk exists from mere omissions to keep the same in repair. See *City of Youngstown* v. *Peters,* 60 Ohio App., 247, at page 254, 20 N. E. (2d), 538, wherein the authorities are cited.

The case of *City of Youngstown* v. *Peters, supra,* is cited and followed in the case of *Hillyer* v. *City of East Cleveland,* 57 Ohio Law Abs., 261, 265, 94 N. E. (2d), 216.

"An owner of property abutting on a public street is not liable for injuries to pedestrians resulting from defects in the abutting portion of such street unless such defects are created or negligently maintained or permitted to exist by such owner for his own private use or benefit.

"Owners of property abutting on a public street are not liable for injuries to pedestrians resulting from defects in such streets unless such defects are created or negligently permitted to exist by such owners for their own private use or benefit, such as an open trap door in a sidewalk (*Herron* v. *City of Youngstown,* 136 Ohio St., 190, 24 N. E. [2d], 708)." *Eichorn* v. *Lustig's, Inc.,* 161 Ohio St. 11, 13, 117 N. E. (2d), 436.

In the absence of evidence that the defendant created the defect in the sidewalk of which plaintiff complains "or negligently maintained or permitted (such defect) to exist by such owner for his own private use or benefit" (*Eichorn* v. *Lustig's, Inc., supra*), we conclude that defendant is not liable to plaintiff for injuries resulting from such defect.

The judgment of the Court of Common Pleas is reversed as being contrary to law and final judgment is entered for defendant.

*Judgment reversed.*

GRIFFITH, P. J., and NICHOLS, J., concur.