[Cite as *Donnelly v. Berea*, 2020-Ohio-2722.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

KELLY DONNELLY,                          :

    Plaintiff-Appellant,            :

                                     No. 108753

    v.                              :

CITY OF BEREA, ET AL.,                   :

    Defendants-Appellees.           :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 30, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-903237

---

***Appearances:***

Taubman Law, Bruce D. Taubman, and Brian M. Taubman, *for appellant.*

Michael D. FitzPatrick, *for appellee* Baldwin Wallace University.

MARY J. BOYLE, P.J.:

{¶ 1} Plaintiff-appellant, Kelly Donnelly, appeals from the trial court's judgment granting defendant-appellee, Baldwin Wallace University's, motion for summary judgment. She raises two assignments of error for our review:

1. The trial court committed prejudicial error in granting summary judgment in favor of the defendant when the court erred in finding that Baldwin Wallace owed no duty to the plaintiff based on the fact they had no notice of any alleged defect.

2. The trial court committed prejudicial error in determining that there were no genuine issues of fact to be determined.

{¶ 2} Finding no merit to her assignments of error, we affirm.

## I. Procedural History and Factual Background

{¶ 3} On September 5, 2018, Donnelly initiated this action against the city of Berea and Baldwin Wallace for negligence and premises liability, seeking compensatory damages. Donnelly alleged in the complaint that on September 27, 2016, she was jogging in Berea when she tripped on broken sidewalk located on the east side of Front Street between Adalbert and Bagley Streets. The complaint states that defendants owned, operated, and controlled the sidewalk on which she fell, and at all relevant times she was an invitee of both defendants. According to the complaint, the crack and unevenness of the sidewalk was greater than two inches in height. Donnelly further alleged that as a direct result of the broken sidewalk, she incurred permanent injuries, including sprains and strains of her left ankle, torn ligaments in her left ankle, nerve damage to the left side of her back, and an "L4-L5 bulging disc." Baldwin Wallace filed an answer, denying liability for Donnelly's injuries and raising numerous affirmative defenses. [1]

---

[1] Donnelly later dismissed her claims against Berea pursuant to Civ.R. 41(A) and pursued her claims against Baldwin Wallace only.

{¶ 4} Donnelly deposed the assistant director of buildings and grounds for Baldwin Wallace, Donald Dubena, who testified that Baldwin Wallace employees walk the campus sidewalks in the spring to inspect them for cracks and deviations. Dubena stated that in May 2016 (approximately four months before Donnelly fell), Baldwin Wallace hired a contractor to repair a portion of the sidewalk on the same block but slightly north of where Donnelly tripped. He testified that Baldwin Wallace received no complaints or work orders for the section of the sidewalk where Donnelly tripped, and Baldwin Wallace did no work to repair it.

{¶ 5} In her deposition, Donnelly testified that she did not measure the crack or the height difference between the adjoining sidewalk pieces, and that she did not know what the height deviation in the sidewalk was. Donnelly further testified that on the evening of June 15, 2017, she returned to the broken sidewalk, which had not been repaired, and used her cellphone to take pictures.

{¶ 6} On May 1, 2019, Baldwin Wallace filed a motion for summary judgment on both of Donnelly's claims, arguing that it owed no duty of care to Donnelly and that even if it did owe a duty, the height difference between the sidewalk sections was less than two inches and therefore not actionable. Baldwin Wallace attached to its motion an affidavit by architect Richard Kraly, who analyzed Donnelly's photographs and determined that the crack caused a height difference in the sidewalk of "no greater than 1 1/2 inches." Donnelly moved to strike Kraly's affidavit, and the trial court denied Donnelly's motion. Donnelly also opposed Baldwin Wallace's motion for summary judgment and supported her motion with

her affidavit and that of Miles Donohoe. Donohoe reviewed the June 15 photographs and images from Google Maps and concluded that the broken sidewalk caused a height difference of greater than three inches. The trial court struck Donohoe's affidavit as untimely and struck portions of Donnelly's affidavit as inconsistent with her deposition testimony.

{¶ 7} On July 1, 2019, the trial court granted Baldwin Wallace's motion for summary judgment, finding that Baldwin Wallace, as owner of the property abutting the public sidewalk, owed no duty to Donnelly with respect to defects in the public sidewalk. The trial court determined there were no genuine issues of material fact and that Baldwin Wallace was entitled to judgment as a matter of law. It is from this judgment that Donnelly now appeals.

## II. Law and Argument

### A. First Assignment of Error

{¶ 8} In her first assignment of error, Donnelly argues that "the trial court committed prejudicial error in granting summary judgment in favor of the defendant when the court erred in finding that Baldwin Wallace owed no duty to the plaintiff based on the fact they had no notice of any alleged defect." Donnelly contends that all three of the exceptions to the rule that property owners are not liable for injuries to pedestrians resulting from defects in a public sidewalk apply. Baldwin Wallace counters that it owed no duty to Donnelly.

{¶ 9} We review a trial court's judgment granting a motion for summary judgment de novo. *Citizens Bank, N.A. v. Richer*, 8th Dist. Cuyahoga No. 107744,

2019-Ohio-2740, ¶ 28. Thus, we independently "examine the evidence to determine if as a matter of law no genuine issues exist for trial." *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 383, 701 N.E.2d 1023 (8th Dist.1997). We therefore review the trial court's order without giving any deference to the trial court. *Citizens Bank* at ¶ 28. "On appeal, just as the trial court must do, we must consider all facts and inferences drawn in a light most favorable to the nonmoving party." *Glemaud v. Metrohealth Sys.*, 8th Dist. Cuyahoga No. 106148, 2018-Ohio-4024, ¶ 50.

{¶ 10} Pursuant to Civ.R. 56(C), summary judgment is proper where (1) "there is no genuine issue as to any material fact"; (2) "the moving party is entitled to judgment as a matter of law"; and (3) "reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made." *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978). Trial courts should award summary judgment only after resolving all doubts in favor of the nonmoving party and finding that "reasonable minds can reach only an adverse conclusion" against the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 604 N.E.2d 138 (1992).

{¶ 11} The moving party has the burden to show that no genuine issue of material fact exists. *Citizens Bank* at ¶ 30. Civ.R. 56(C) provides an exclusive list of materials that parties may use to support a motion for summary judgment:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely

filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule.

"'[I]f an exhibit or item of evidence does not fall within one of the cited categories of permissible materials, it can only be viewed when it has been incorporated by reference into an affidavit which satisfies Civ.R. 56(E).'" *Smith v. Gold-Kaplan*, 8th Dist. Cuyahoga No. 100015, 2014-Ohio-1424, ¶ 14, quoting *McGhan v. Vettel*, 11th Dist. Ashtabula No. 2008-A-0036, 2008-Ohio-6063.

{¶ 12} After the moving party has met his or her burden, the burden shifts to the nonmoving party to present evidence "on any issue for which that party bears the burden of production at trial." *Robinson v. J.C. Penney Co.*, 8th Dist. Cuyahoga Nos. 62389 and 63062, 1993 Ohio App. LEXIS 2633, 14 (May 20, 1993). If the nonmoving party "fails to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial," summary judgment in favor of the moving party is proper. *Brandon/Wiant Co. v. Teamor*, 125 Ohio App.3d 442, 447, 708 N.E.2d 1024 (8th Dist.1998).

{¶ 13} Baldwin Wallace sought summary judgment on Donnelly's claims for premises liability and negligence. Ohio's premises liability law follows the classifications of invitees, licensees, and trespassers. *Dysart v. Estate of Dysart*, 2d Dist. Miami No. 2009 CA 24, 2010-Ohio-1238, ¶ 39. But regardless of the classification of the injured party, "to have a duty to keep premises safe for others one must be in possession and control of the premises." *Id.* at ¶ 40. For negligence

actions, the elements are "a duty of care, a breach of that duty, and an injury directly and proximately resulting therefrom."  *Meyer v. Rapacz*, 8th Dist. Cuyahoga No. 95571, 2011-Ohio-2537, ¶ 17.

{¶ 14} Sidewalks on public streets are presumed to be "under the control of the municipality or public authority."  *Eichorn v. Lustig's, Inc.*, 161 Ohio St. 11, 13, 117 N.E.2d 436 (1954).  The municipality, not the owner of land abutting the public street, has the duty to maintain the public sidewalks.  *Id.*; *see also Terry v. SMJ Growth Corp.*, 8th Dist. Cuyahoga No. 79730, 2001 Ohio App. LEXIS 5524, 5 (Dec. 13, 2001).  The owners of property abutting the public sidewalk are not liable for injuries sustained on the sidewalk unless one of three exceptions applies: (1) a statute or ordinance imposes on the property owner "a specific duty to keep the sidewalk adjoining his property in good repair"; (2) "by *affirmative acts* [the property owner] created or negligently maintained the defective or dangerous condition causing the injury"; or (3) the property owner "negligently permitted the defective or dangerous condition to exist *for some private use or benefit*." (Emphasis sic.)  *Crowe v. Hoffman*, 13 Ohio App.3d 254, 255-256, 468 N.E.2d 1120 (6th Dist.1983); *see also Feorene v. Robert C. Barney, DVM, Inc.*, 8th Dist. Cuyahoga No. 97753, 2012-Ohio-3461, ¶ 10.

{¶ 15} The sidewalk on which Donnelly fell is a public sidewalk abutting Baldwin Wallace's property.  Under *Eichorn*, 161 Ohio St. 11, 117 N.E.2d 436, Baldwin Wallace is not liable for injuries sustained on that sidewalk unless one of the three exceptions applies.

### 1. Exception for Ordinances

**{¶ 16}** Donnelly argues that the first exception applies because Berea Ordinances 921.06 imposes a duty on Baldwin Wallace to keep the sidewalk adjoining its property in good repair.  The ordinance states,

> DUTY TO KEEP SIDEWALKS IN REPAIR AND CLEAN.
> (a) No owner or occupant of abutting lands shall fail to keep the sidewalks, curbs or gutters in repair and free from snow, ice or any nuisance.
> (ORC 723.011)
>
> (b) Whoever violates this section is guilty of a minor misdemeanor.

**{¶ 17}** Ohio case law is clear that ordinances like this one do not impose a duty on property owners to the public at large, and a property owner's failure to comply with such an ordinance, without more, does not create a private right of action for pedestrians injured on public sidewalks.  *Lopatkovich v. Tiffin*, 28 Ohio St.3d 204, 207, 503 N.E.2d 154 (1986); *Miller v. Cruickshank*, 10th Dist. Franklin No. 06AP-1088, 2007-Ohio-3055, ¶ 13; *Pozniak v. Recknagel*, 9th Dist. Lorain No. 03CA008320, 2004-Ohio-1753, ¶ 18; *Tackett v. Ball*, 4th Dist. Jackson No. 97CA822, 1998 Ohio App. LEXIS 4490, 5 (Sept. 23, 1998); *Michalak v. Samuel Geraldo Trust*, 6th Dist. Lucas No. L-95-332, 1996 Ohio App. LEXIS 2667, 9-10 (June 28, 1996).  In *Lopatkovich*, the Ohio Supreme Court analyzed an ordinance identical to Berea's and held that a property owner was not liable to a pedestrian who slipped on the abutting public sidewalk.[2]  The Supreme Court reasoned,

---

[2] The Ohio Supreme Court analyzed Tiffin's Ordinances No. 521.06, which stated, "No owner or occupant of abutting lands shall fail to keep the sidewalks, curbs or gutters in repair and free from snow, ice or any nuisance."

> In our view, the rationale behind sidewalk snow removal statutes like the one *sub judice* is that it would be impossible for a city to clear snow and ice from all its sidewalks; and the duty imposed by such statutes is most likely a duty to assist the city in its responsibility to remove snow and ice from public sidewalks. This, however, does not raise a duty on owners and occupiers to the public at large, and such statutes should not, as a matter of public policy, be used to impose potential liability on owners and occupiers who have abutting public sidewalks.

(Emphasis sic.) *Id.* at 207.

{¶ 18} An owner of land abutting a public sidewalk will be liable for failure to comply with that ordinance only if the municipality notifies the landowner of the violation. *Greenberg v. Markowitz*, 8th Dist. Cuyahoga No. 93838, 2010-Ohio-2228, ¶ 16; *see also Feorene*, 8th Dist. Cuyahoga No. 97753, 2012-Ohio-3461, at ¶ 13 (property owner not liable under first exception where city did not issue him a citation for violating ordinance until after pedestrian fell); *Rosemann v. Berea*, 8th Dist. Cuyahoga No. 74523, 1999 Ohio App. LEXIS 4081, 15 (Sept. 2, 1999) (affirming summary judgment for Baldwin Wallace where Berea had not notified Baldwin Wallace of ordinance violation).

{¶ 19} Donnelly contends that Berea Ordinances 921.06 imposes a duty on Baldwin Wallace, even though Berea did not notify Baldwin Wallace of an ordinance violation. She contends that *Hughes v. Kozak*, 8th Dist. Cuyahoga No. 69007, 1996 Ohio App. LEXIS 636, 12 (Feb. 22, 1996), supports her argument that Baldwin Wallace had actual notice that the area of sidewalk on which she tripped was "unrepaired and thus negligently maintained." She argues that Baldwin Wallace had actual notice of the broken sidewalk because it applied for a permit to fix the

sidewalk on the "exact spot" where Donnelly fell, and it has no records to demonstrate that it completed the repairs. In *Hughes*, we found that the defendants owed no duty to the plaintiff who tripped on the sidewalk abutting their property because the city of Cleveland did not notify them that they had violated an ordinance. *Id.* at 12-13. No argument was made about actual notice in *Hughes*. Moreover, Dubena testified that Baldwin Wallace repaired the section of sidewalk north of where Donnelly tripped (not where she actually tripped) and that Baldwin Wallace completed those repairs.

{¶ 20} Donnelly also appears to rely on Baldwin Wallace's lack of records to create a genuine issue of material fact as to whether Baldwin Wallace had notice of the broken sidewalk on which Donnelly fell. We disagree. Donnelly points to no evidence showing that Baldwin Wallace was preparing to repair the portion of the sidewalk where she tripped. Even if Baldwin Wallace had actual knowledge of the broken sidewalk, Berea did not notify Baldwin Wallace that it had violated a city ordinance, and this exception to the *Eichorn* rule would not apply. *Eichorn*, 161 Ohio St. 11, 117 N.E.2d 436.

{¶ 21} Donnelly further contends that Baldwin Wallace had constructive notice of the broken sidewalk because Dubena testified that its employees walk the Baldwin Wallace sidewalks every spring to look for defects. But constructive notice does not create liability here. The question is whether Berea notified Baldwin Wallace that it was violating the city ordinance. No evidence exists in the record to show that Berea gave such notice to Baldwin Wallace. Donnelly maintains, however,

that notice from Berea is not required because Baldwin Wallace employs personnel to maintain the campus sidewalks and has an "intertwined and complex relationship" with Berea. But she cites no legal authority for this argument. Given the overwhelming case law to the contrary and the lack of evidence that Berea gave notice to Baldwin Wallace, we find that the ordinance exception does not create a duty for Baldwin Wallace here.

### 2. Exception for Affirmative Acts

{¶ 22} Donnelly also argues that Baldwin Wallace, by affirmative acts, "created or negligently maintained" the sidewalk on which she tripped. For this exception to apply, the condition "cannot be the result of ordinary wear and tear but must [be] due to some affirmative misconduct by the landowner." *Guder v. Kuhr*, 1st Dist. Hamilton Nos. C-940517, C-940521, and C-940539, 1995 Ohio App. LEXIS 3107, 8 (July 26, 1995).

> Negligent conduct on the part of an abutting property owner as to the existence of a defective sidewalk in front of his property will not be presumed but must be proven by affirmative evidence. Such evidence must necessarily show that the use of the sidewalk which brought about its disrepair was expressly or impliedly authorized by such owner.

*Eichorn*, 161 Ohio St. at 14, 117 N.E.2d 436.

{¶ 23} The Second District accumulated examples of defective conditions that were and were not considered to be affirmatively created by the abutting landowner:

> Courts have held that the abutting landowners "created" or negligently "maintained" the condition in the following circumstances: installing a trapdoor in a sidewalk, *Herron v. Youngstown* (1940), 136 Ohio St. 190, 24 N.E.2d 708; installing a coal vault under the sidewalk and

maintaining a defective covering, *Morris* [*v. Woodburn*, 57 Ohio St. 330, 48 N.E. 1097 (1897)]; placing a five gallon plastic bucket filled with concrete on the sidewalk to prop open a door, *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.* (Nov. 27, 1996), Cuyahoga App. No. 69523, 1996 Ohio App. LEXIS 5318, (from the dissenting opinion), reversed on other grounds, 81 Ohio St.3d 677, 1998 Ohio 602, 693 N.E.2d 271.

In comparison, the following are examples of where the abutting landowner was held not to have "created" or negligently "maintained" the condition: occasionally filling small snakes holes, *Morgan v. Gracely*, Washington App. No. 05CA36, 2006 Ohio 2344, at ¶ 10; ice accumulating on a sloping sidewalk and the owner was not responsible for the sloping, *Cavanaugh v. Struthers Bowling Ctr.* (1954), 99 Ohio App. 530, 135 N.E.2d 283; where there was a bed of stones surrounding a tree bed on the abutting owner's property and a few stones somehow found their way on to the adjoining sidewalk, *Merriweather v. Flender Diversified, Inc.* (June 18, 1992), Cuyahoga App. No. 62815, 1992 Ohio App. LEXIS 3157; water possibly coming from the owner's premises and freezing in holes in the abutting sidewalk, but the holes were not created by the owner, *Coleman v. Reagan* (1953), 97 Ohio App. 286, 125 N.E.2d 555.

*Dysart*, 2d Dist. Miami No. 2009 CA 24, 2010-Ohio-1238, at ¶ 50-51.

{¶ 24} Donnelly contends that Baldwin Wallace negligently maintained the sidewalk because it had a "haphazard procedure for identifying, investigating, and repairing sidewalk elevations and cracks."[3]  She relies on a lack of work orders, written reports, receipts, and records reflecting completed repairs.  Even viewing the facts in a light most favorable to her, we find that an inadequate procedure for

---

[3] Donnelly also points to a Baldwin Wallace Building Standards Book that specifies that Baldwin Wallace sidewalks must be sized based on pedestrian volume and argues that Baldwin Wallace was negligent because the sidewalk on which Donnelly tripped did not meet that standard.  We do not see the relevance of this argument to Donnelly's injuries from tripping on the broken sidewalk.

maintaining the sidewalk would not rise to the level of "affirmative act" that *Eichorn* requires for this exception to apply.

### 3. Exception for Private Use or Benefit

{¶ 25} Lastly, Donnelly argues that the third exception should apply to impose a duty on Baldwin Wallace because Baldwin Wallace received a private use or benefit. After review, we disagree.

{¶ 26} "Private use or benefit" refers to the "benefit that the condition itself provides to the landowner." *Bentley v. Collins*, 8th Dist. Cuyahoga No. 83028, 2004-Ohio-369, ¶ 16. Failure to repair a condition for the benefit of saving money is insufficient to satisfy the private-use-or-benefit exception. *Id.* at ¶ 17.

{¶ 27} Donnelly argues that Baldwin Wallace received a personal benefit from the broken sidewalk because Baldwin Wallace could continue to use the sidewalk during the school year by only temporarily fixing it instead of completely repairing it. No evidence exists in the record to show that Baldwin Wallace temporarily fixed the crack on which Donnelly tripped. Although Dubena testified that Baldwin Wallace would temporarily fix sidewalk defects during the winter until permanently repairing them when the weather was better, Donnelly presented no evidence to suggest that Baldwin Wallace delayed permanently repairing the section of sidewalk at issue here. Further, we do not see how Baldwin Wallace could gain any private use or benefit from the unevenness of the sidewalk.

{¶ 28} We therefore find that none of the exceptions to the *Eichorn* rule apply here. *Eichorn*, 161 Ohio St. 11, 117 N.E.2d 436 (1954). There are no genuine

issues of material fact, and reasonable minds could conclude only that Baldwin Wallace owed no duty to Donnelly related to the injuries she sustained from tripping on the public sidewalk. Accordingly, we overrule Donnelly's first assignment of error.

### B. Second Assignment of Error

{¶ 29} In her second assignment of error, Donnelly argues that the "trial court committed prejudicial error in determining that there were no genuine issues of fact to be determined." Specifically, Donnelly argues that a genuine issue of material fact exists as to the height deviation between the two pieces of adjoining sidewalk and whether the deviation was large enough to constitute an actionable breach. Since we have determined that none of the exceptions to the *Eichorn* rule apply and that Baldwin Wallace is therefore not liable to Donnelly for the injuries she sustained on the public sidewalk, any factual issue regarding the height difference is not material, and Donnelly's second assignment of error is moot. But even if one of the *Eichorn* exceptions applied and Baldwin Wallace could be liable for injuries sustained on the public sidewalk, there would be no genuine issue of material fact regarding the height deviation.

{¶ 30} "Courts have developed the 'two-inch rule,' which provides that a difference in elevation of two inches or less in height between two adjoining portions of sidewalk or walkway is considered insubstantial as a matter of law and thus is not actionable." *Gordon v. Dziak*, 8th Dist. Cuyahoga No. 88882, 2008-Ohio-570, ¶ 41. Minor sidewalk defects are "commonly encountered[,] and pedestrians should

expect such variations." *Gordon* at ¶ 41.  A plaintiff may rebut the two-inch rule with "attendant circumstances" to prove that the defect is substantial.  *Cash v. Cincinnati*, 66 Ohio St.2d 319, 421 N.E.2d 1275 (1981); *Sadey v. Metromedia Steakhouses Co.*, 8th Dist. Cuyahoga No. 74178, 1999 Ohio App. LEXIS 3315, 8 (July 15, 1999).  As this court has previously explained,

> Although there is no precise definition of "attendant circumstances," they generally include "any distraction that would come to the attention of a pedestrian in the same circumstances and reduce the degree of care an ordinary person would exercise at the time." *France v. Parliament* (April 27, 1994), 2d Dist. No. 14264, 1994 Ohio App. LEXIS 1793, at *6. "To render a minor defect substantial, attendant circumstances must not only be present, but must create 'a greater than normal, and hence substantial risk of injury.' *** The attendant circumstances must, taken together, divert the attention of the pedestrian, significantly enhance the danger of the defect, and contribute to the fall." *Stockhauser* [*v. Archdiocese of Cincinnati,* 97 Ohio App.3d 29, 33, 646 N.E.2d 198 (1994)], quoting *Turner v. Burndale Gardens Co.* (Dec. 18, 1991), 2d Dist. No. CA-12807, 1991 Ohio App. LEXIS 6118, at *5. "All the circumstances -- good or bad -- must be considered." *France*[,] 1994 Ohio App. LEXIS 1793 at *6.

*Gordon* at ¶ 47.

{¶ 31} Baldwin Wallace supported its motion for summary judgment with Kraly's affidavit, in which Kraly averred that the height deviation in the sidewalk was approximately one and a half inches.  Donnelly stated in her affidavit that the crack was "substantial," but she presented no evidence that the crack was two or more inches in height, and she testified that she never measured the height difference.  Nor does she present any evidence of attendant circumstances.  Although Donnelly supported her motion for summary judgment with Donohoe's affidavit as evidence that the crack caused a height difference of greater than three inches, the trial court

struck Donohoe's affidavit as untimely. Because Donnelly does not appeal the trial court's judgment striking Donohoe's affidavit, we cannot consider its content even though Donnelly argues it in her appellate brief.

{¶ 32} Therefore, we determine that no genuine issues of material fact exist for trial, reasonable minds could come to but one conclusion in favor of Baldwin Wallace, and Baldwin Wallace is entitled to judgment as a matter of law. Accordingly, we overrule Donnelly's assignments of error and affirm the trial court's judgment granting summary judgment in favor of Baldwin Wallace.

{¶ 33} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, PRESIDING JUDGE

FRANK D. CELEBREZZE JR., J., and
RAYMOND C. HEADEN, J., CONCUR