Charles R. Raedel and Price Janson, Canton, for plaintiff in error.

Fisher, Leahy & Weintraub, Canton, for defendant in error.

### McCARTHY, Admr v ADAMS et

Ohio Appeals, 5th Dist, Stark Co

No 1246. Decided February 1932

LEMERT, J.

On the first question presented, that the Court sustained the motion to strike the ordinance from the amended petition, we note that §3714 GC provides as follows:

"Municipal corporations shall have special power to regulate the use of the streets, to be exercised in the manner provided by law. The council shall have the care, supervision and control of public highways, streets, avenues, alleys, sidewalks, public grounds, bridges, aqueducts, and viaducts, within the corporation, and shall cause them to be kept·open, in repair, and free from nuisance."

After the passage of the above statute, we note that §3853 GC was passed, which provides as follows:

"The council of municipal corporations may provide by ordinance for the construction and repair of necessary sidewalks, curbing, or gutters, or parts thereof, within the limits of the corporation, and may require by imposition of suitable penalties or otherwise, the owners and occupants of abutting lots and lands to keep the sidewalks, curbing and gutters in repair, free from snow or any nuisance."

Undoubtedly, the council of the City of Canton, Ohio, passed the ordinance set forth in the petition and which appears as hereinbefore quoted, known as Section 12. The question then presents itself as to whether or not these statutes and the ordinances in question impose any civil or additional liability on the property owner to individuals using streets, alleys, sidewalks, etc.

In the 7th Oh Ap, page 18, the case of Steinbeck vs Brewing Co, we have a case which has been reported and followed through a long line of authorities and that case provides that:

"An owner who fails to remove ice from a sidewalk extending along his premises

where same was formed thereon by natural causes and without any act or fault on his part, or fails to make said sidewalk safe by covering the same with sand or some other suitable substance, is not liable in damages to one who sustains injuries by falling upon such icy sidewalk, even though a City ordinance required such owner to remove the ice from such sidewalk or cover the same with sand and provided a penalty for failure so to do."

In the 6th O C C R at page 565, it was held that:

"A person injured by a fall caused by stepping through a sidewalk rendered defective by reason of want of proper repair cannot recover damages for such injury in an action against the owner of the lot abutting upon the sidewalk."

There was at common law no liability upon an abutting property owner for injuries resulting from defective streets or sidewalks, and if any such duty arises, it must be imposed upon him by statute or from his active participation in the construction or maintenance of the defective sidewalk, amounting to a nuisance; that the ordinance in question imposes no additional civil liability upon an abutting property owner to a private individual injured upon the sidewalk by force of the ordinance alone. Therefore, we are of the opinion that it was right and proper for the Court below to strike the ordinance from the petition and that Court by so doing did not err therein.

Coming now to consider the demurrer to the amended petition, the demurrer is to the effect that the amended petition does not state a cause of action. An examination of the petition necessarily causes the question to arise as to whether or not the amended petition on its face shows contributory negligence on the part of the plaintiff below; and second as to whether or not there is sufficient allegations of negligence on behalf of defendant alleged in the amended petition.

The petition alleges that on the 10th day of June, 1930, and for a long time prior thereto, and for a period of at least six weeks, the sidewalk in front of the house owned and controlled by the defendant Adams was allowed by the defendant to become and had become out of repair and the surface thereof had become uneven and had bricks raised considerably above the surface of said sidewalk and said sidewalk had numerous pitfalls and holes in it; that said sidewalk was constructed of bricks laid lengthwise and parallel to said street and said bricks became loose and were irregular and projected above the surface grade of said street and by reason of said condition of said sidewalk, it became dangerous for pedestrians to use the same, and further alleges that the decedent stumbled and fell with great force and violence on this faulty and defective brick sidewalk. Then follows the allegations of injury and damages.

In the 33 Oh St, page 246, it is held:

"A person who voluntarily attempts to pass over a sidewalk in a city, which he knows to be dangerous by reason of ice upon it, which he might easily avoid, cannot be regarded as exercising ordinary prudence, and therefore cannot maintain an action against the city."

In 73 Oh St, page 242:

"One who voluntarily goes upon a sidewalk of a city which is obviously, and by him known to be, in a dangerous condition, cannot recover on account of injuries which he may thereby sustain, even if the negligence of the city is admitted or shown."

The same ruling has been made in 25 O C C R (N. S.), page 122, and 21 L R A (N. S.), page 1129. In these cases it is to be noted that the Courts have held that it is not required that the plaintiff know the condition of the sidewalk, but that it will prevent a recovery if he receives the injury in broad daylight and knew or should have known the dangerous condition of the sidewalk.

Referring again to the petition of the plaintiff below, we note that the only allegation of negligence on the part of the defendant, other than the failure to comply with the ordinance aforesaid, is as follows:

"That the defendant, William S. Adams, not only had permitted said defective condition to exist but had in part created the same in attempting to repair it."

We believe this to be a general allegation that the defendant was negligent. There is no allegation in the petition of any specific act of negligence or any claim made of anything that the defendant did in creating a nuisance or dangerous condition, but simply makes the general allegation that the defendant had in part created the condition in attempting to repair it.

Therefore, entertaining the view aforesaid, and following the law hereinbefore laid down, we are of the opinion that the Court below was right in sustaining the demurrer

·to the amended petition.

So, entertaining the views aforesaid, the finding and judgment of the Court below will be and the same is hereby affirmed. Exceptions may be noted.

SHERICK, PJ and MONTGOMERY, J, concur.