**THOMPSON, Plaintiff-Appellee, v. PARMLY,
Defendant-Appellant.**

Ohio Appeals, Seventh District, Lake County.

No. 455.   Decided March 15, 1948.

Earl C. Pettersson, Willoughby, Giblin & Giblin, Painesville, for plaintiff-appellee.

Bulkley, Butler & Pillen, Cleveland, for defendant-appellant.

## OPINION

By PHILLIPS, J.

Defendant appealed to us on questions of law from a judgment of the court of common pleas entered upon a jury verdict returned for plaintiff in her action against defendant to recover damages from her for personal injuries sustained about 11:00 o'clock A M. on the 13th day of December, 1944, by falling on "a ridge of ice", formed from water allegedly carelessly and negligently allowed by defendant to flow from the roof of her admittedly owned building situated in Painesville, Ohio, and occupied by several tenants, over and upon the sidewalk situated in front thereof on which plaintiff was lawfully walking, which building plaintiff alleged defendant failed and neglected "to equip with gutters, drain pipes and drainage, or to keep" them in such "working order as to carry away the water from the roof of her building" or "to cover the ice on the sidewalk with ashes or sand, or to warn plaintiff" of the existence of such ridge of ice and condition of such sidewalk.

There is testimony that one of the tenants of defendant's building was buried on the afternoon of December 13, 1944; that on that day a blizzard so crippled transportation facilities between Cleveland, where defendant lived, and Painesville that defendant was unable to attend his funeral; that prior to the time plaintiff fell upon such alleged ridge of ice as a courtesy to the widow of such tenant another tenant thereof cleaned the sidewalk in front of the storeroom she was then renting from defendant and the rest of the sidewalk in front of defendant's building. It was testified that such ridge of ice was a continuation of an "icicle" about five inches in diameter which formed on the front of defendant's building and extended close to the top thereof, but in my opinion there is no evidence from which an inference could

be drawn that such icicle or ridge formed from water which drained from the roof or sides thereof nor from sources nor places for which defendant was responsible.

The rule announced in the cases of **Village of Willoughby v. Malone, 122 Oh St 315,** and the **City of Akron v. Butler, 108 Oh St, 122,** is that no inference of defendant's negligence may be drawn merely from the existence of the icicle on defendant's building nor the existence of the alleged ridge of ice across the sidewalk situated in front thereof.

There is undisputed evidence that water from the 2500 square foot roof of defendant's building, replaced in 1943, which is from four and one-half to five feet higher at the front of the building than at the rear thereof and higher at its sides than at any point in the middle, and from a cornice atop thereof, the top of which cornice slopes from the exterior thereof toward the center of the building, flowed through "valleys" situated near the center of the roof to two four inch cast iron pipes situated within and one on each side of the rear of the building which drained into a sewer at that point.

There is no evidence that defendant's building was unequipped "with gutters, drain pipes and drainage, or were not in such working order as to carry away the water from the roof of her building"; and no law nor ordinance of the City of Painesville has been cited to us indicating any duty was placed upon defendant to cover such sidewalk or ridge of ice with ashes or sand, nor that defendant was under any duty to warn plaintiff of the condition of the sidewalk, which she could see and along which she was walking during the season of daylight. Accordingly we believe the trial judge erred to defendant's prejudice in overruling her motion to strike from plaintiff's petition and in allowing the jury to consider such allegations.

In our opinion "the court erred in overruling the defendant's motion for judgment or to direct a verdict in favor of defendant at the conclusion of plaintiff's evidence", as counsel for plaintiff contend. However "when a motion of a defendant for a directed verdict is made at the conclusion of plaintiff's evidence and overruled, the defendant has an election either to stand on his exception to the ruling or to proceed with his defense; and if he accepts the ruling, however erroneous it may be, and proceeds with his defense, introducing evidence on his own behalf, he thereby waives his right to rely on the denial of his original motion." **Halkias, Appellee, v. Wilkoff Co., Appellant, 141 Oh St 139.**

At the conclusion of all the evidence plaintiff's evidence was the same with respect to defendant's alleged negligence

as it was at the close of plaintiff's case, and defendant had proved conclusively that her building and its roof were constructed and in the condition to which reference has been made heretofore, and there was no evidence from which even an inference can be drawn of any causal relationship between the existence of the icicle and ridge of ice with any negligence attributable to defendant.

The trial judge should have sustained defendant's motion for a verdict directed in her favor made at the conclusion of all the evidence, and in failing to do so erred to defendant's prejudice.

"4. In an action for personal injury, brought by a customer against a storekeeper, predicated upon the alleged negligence of the storekeeper in oiling and maintaining a floor in such storeroom in a dangerous condition, it is not enough to produce testimony showing that the customer slipped and fell on an oiled floor in such storeroom. There must be testimony tending to show that some negligent act or omission of the storekeeper caused the customer to slip.

"6. Under our law it is just as pernicious to submit a case to a jury and permit the jury to speculate with the rights of citizens when no question for the jury is involved, as to deny to a citizen his trial by jury when he has the right." **The J. C. Penny Co., Inc., v. Robison, 128 Oh St 626.**

The provisions of §3714 GC, placed control of the sidewalk involved in the case we review under the City of Painesville.

"The duty to keep the streets, which includes the sidewalks, open, in repair and free from nuisance, rests upon municipalities and not upon abutting property owners." **Sponzilli v. Houston, 24 Abs 619.**

"At common law, abutting owner was not liable for injuries resulting from defective streets or sidewalks.

"In absence of statute, abutting owner is not liable for injuries resulting from defective sidewalk unless he participates in creating or maintenance of a nuisance.

"Ordinance imposing duty on abutting owner to keep sidewalks in good repair, but imposing no liability for injuries to a third person, was properly stricken from injured person's complaint.

"Complaint showing that pedestrian voluntarily walked upon defective sidewalk stated no cause of action against abutting owner under general allegation of negligence." **McCarthy, Admr., v. Adams et al, 42 Oh Ap 455.**

There is no direct evidence plaintiff participated in creating or maintaining a nuisance on the sidewalk, and our attention has not been called to any ordinance imposing a duty on defendant to keep such "sidewalks in good repair" nor "imposing liability" upon defendant for plaintiff's injuries. Under the pleadings filed and upon the evidence adduced in the instant case, some of which is quoted, plaintiff has no cause of action against defendant, and accordingly we are of opinion that as urged by counsel for defendant the verdict of the jury "is contrary to law".

It is obvious from what we have said we conclude that having failed to sustain defendant's motion for a verdict directed in her favor made at the close of all the evidence, for the reasons stated herein the trial judge should have sustained her motion for judgment entered in her favor notwithstanding the verdict of the jury returned against her and having failed to do so he committed prejudicial and reversible error.

The judgment of the court of common pleas is reversed, and coming now to enter the judgment which the judge of the court of common pleas should have entered final judgment is entered for defendant.

CARTER, PJ, NICHOLS, J, concur in judgment.