**BERTRAM, Appellant, v. KROGER COMPANY et, Appellees.**

Ohio Appeals, Second District, Darke County.

No. 733.   Decided November 18, 1955.

Spidel, Staley & Hole, Greenville, for appellant.

Holzfaster & Hoefling, Dayton, for The Kroger Company, Appellee.

Paul W. Younker, Goubeaux & Goubeaux, Greenville, for The City of Greenville, appellee.

(CONN, J., of the Sixth District, sitting by designation in the Second District.)

## OPINION

By CONN, J.

Plaintiff brought this action in the common pleas court against defendants to recover damages for personal injuries alleged to have been sustained by her by reason of defendant's negligence. At the close of plaintiff's evidence in chief, on separate motions of defendants, The Kroger Company and the City of Greenville, the trial court granted said motions and directed the jury to return a verdict in favor of said defendants. Judgment was entered thereon and plaintiff was ordered to pay costs. From this judgment, plaintiff appealed to this Court on questions of law.

It appears that defendant, Versal A. Senseman, was not served with summons. The parties will be designated herein as in the court below, plaintiff and defendants, Company and City.

In the petition of plaintiff, it is alleged that on November 15, 1949, at approximately 12:30 o'clock P. M., she was walking on the sidewalk "situated on the premises" along Gray Avenue and occupied and used by defendant Company in Greenville, Ohio.

That at said time and place, said Company maintained a manhole opening with a round steel cover thereon for purposes of access to drainage pipes on said premises; that said manhole was situated on said sidewalk and was allowed to become out of repair, and the cover thereon bent and loose, and was dangerous to pedestrians, which defendants well knew.

That plaintiff, while walking on said sidewalk and without knowledge of the dangerous condition of said manhole, stepped on same and it gave way and plaintiff fell into said opening; that plaintiff sustained numerous and painful injuries to different parts of her body. Plaintiff prays judgment in the amount of $4025.00.

For answer to plaintiff's petition, the Company denied generally the material allegations therein, and further alleged that it had no control over said manhole and no notice of said alleged defective cover.

The City, for answer herein, also denies the material allegations in plaintiff's petition, and says that it had no knowledge of the existence of the said manhole and cover, and avers that any injuries sustained by plaintiff were caused by plaintiff's own negligence.

Plaintiff's assignments of error are that the trial court erred in refusing to admit testimony offered by plaintiff, in directing a verdict in favor of defendants at the close of plaintiff's case in chief, and in overrulng plaintiff's motion for a new trial.

The alleged error of the court in refusing to admit testimony is not discussed in plaintiff's brief, and will be considered as waived.

An issue of law is raised on a motion to direct a verdict and such motion should be denied where the party against whom the motion is directed has offered evidence tending to support all the material issues which are necessary in making a prima facie case. The constitutional right of trial by jury is carefully guarded by the courts, and the trial court, in passing on a motion for a directed verdict, may not make a finding of fact, or weigh the evidence, or draw inferences therefrom, or determine a fact issue upon which reasonable minds may differ.

However, the trial court, as a matter of law, may grant a motion for a directed verdict when, upon consideration of all the evidence offered and all reasonable inferences that arise thereon, it clearly appears that the party against whom the motion is directed has no cause of action. **39 O. Jur., 796, Sec. 181.**

The evidence shows that the defendant Company operated a retail grocery store at the southwest corner of Martin Street and Gray Avenue in the City of Greenville; that the store building was located on the west side of the lot, and that on the east side thereof and abutting on the west side of Gray Avenue, the Company maintained a parking lot for use by its customers.

On the day in question, at about noon, plaintiff and other members of her family had visited the retail store of the Company, made purchases and then with the articles purchased left the store, going east on the south sidewalk of Martin Street to the corner, and then south on the sidewalk on the west side of Gray Avenue where, after some distance, plaintiff stepped on the cover of a manhole, which slipped, and plaintiff fell into the manhole. Plaintiff sustained serious and painful injuries.

There is no evidence that the Company maintained the manhole for its own uses and purposes. The evidence shows that the Company had previously placed barricades along the east side of the parking lot to prevent their customers from driving their automobiles directly onto Gray Avenue; that in some instances the barricades were avoided and customers of the Company, in leaving the parking lot, drove their automobiles over the sidewalk at or near where the manhole was located in order to more directly reach Gray Avenue.

We will first consider the state of the record in relation to the Company's liability to plaintiff.

Plaintiff contends that the Company knew the sidewalk was improperly used by their customers, and that the cover on the manhole thereby became defective and dangerous to pedestrians; that there was nothing else shown in the record that caused the manhole to become defective and unsafe; and that it follows the wrongful use of the sidewalk by the Company caused the damage to the cover, and that being a negligent act, a jury question was raised when plaintiff rested her case.

The fallacy of this contention lies in the fact that even if we assume that the Company was chargeable with an unlawful use of the sidewalk, and would be legally responsible for the acts of its customers in creating a dangerous condition in the sidewalk, there is no evidence in the record that such use had caused damage to the cover whereby the sidewalk became unsafe for pedestrian traffic.

It is inferable from plaintiff's evidence that the cover on the manhole at the time plaintiff was injured was not in good repair, or not properly placed over the manhole. This inference receives support as the evidence tends to show that shortly after plaintiff was injured an inspection of the cover revealed that it was loose and teetered, and did not fit the opening in the manhole. When, how and by whom the cover was rendered unsafe, is not shown by plaintiff's evidence.

It is pertinent to point out that the evidence shows the Company was in possession and control of the premises occupied by it under a lease from the owner. However, the rule is uniformly recognized in this State that an abutting owner or lessee in possession and control is not liable to third persons who, in using the sidewalk, sustain an injury by reason of a defective condition therein, unless it is shown that such condition was created or negligegntly maintained by such owner or lessee in possession and control of the abutting premises See **Eicham v. Lustig's, Inc., 161 Oh St 11.**

It was incumbent on the plaintiff to introduce some evidence of a substantial character on each of the two essential ingredients of the alleged tort, to-wit: the injuria and the damnum. The record shows that plaintiff sustained substantial damages without fault on her part, but it fails to show any facts from which an inference may be drawn that the Company was the wrongdoer.

It follows that the trial court did not err in directing the jury to return a verdict for the defendant Company as a matter of law.

We shall next consider the state of the record as to the liability of the City, at the close of plaintiff's case.

**Sec. 3714 GC (§723.01 R. C.)** imposes on the City the care of sidewalks and the duty to keep them "in repair and free from nuisance."

In the application of this statute, the courts of this State, in numerous cases, have uniformly held that the liability of a municipality arises only in a case where there is evidence of a dangerous condition existing by reason of no compliance with the statute, and notice thereof to the City, either actual or constructive.

It is inferable from the record that the cover on the manhole in the sidewalk was unsafe at the time plaintiff, as a pedestrian was walking thereon, and also that this defective condition was the proximate cause of plaintiff's falling into the manhole. Further inferences may not be indulged in on the record before us, that the City had notice that the operation of automobiles over the sidewalk at that point caused damage to the cover on the manhole, creating thereby a nuisance in that portion of the sidewalk, and that the City had notice thereof, or that such condition had existed such length of time whereby the City was charged with constructive notice. **Sobolovitz v. Lubric Oil Co., 107 Oh St 204.**

In other words, there is no evidence showing for what length of time the cover on the manhole had been damaged or tampered with, thereby

creating a nuisance in the sidewalk. Was it momentarily before plaintiff fell into the manhole, or had the condition existed a considerable length of time?

The City's liability under the statute does not arise in this case until it is charged with notice of the dangerous condition in the sidewalk. It follows that the trial court did not err in directing a verdict for the defendant City.

Judgment of the trial court should be affirmed and the cause remanded thereto for execution for costs. It is so ordered.

MILLER, PJ, HORNBECK, J, concur.