CROWE ET AL., APPELLANTS, *v.*
HOFFMAN ET AL., APPELLEES.

(No. S-82-33—Decided April 1, 1983.)

*Mr. Tommie L. Allen,* for appellants.
*Mr. Alexander Hyzer IV,* for appellees.

HANDWORK, J. This case is before the court on appeal from the Sandusky County Court of Common Pleas. Said court granted appellees' motion for directed verdict after appellants' opening statement. Judgment on the directed verdict

was entered by the court on November 26, 1982, in which the court dismissed appellants' complaint for failure to state a cause of action upon which relief might be granted. The court stated, in part:

"On consideration of * * * [appellees'] motion for a directed verdict on the opening statement of [appellants'] counsel, and the court having given [appellants'] counsel ample opportunity to amend and amplify his opening statement, the court is satisfied that [the opening statements], when given an interpretation most favorable to [appellants], are insufficient to entitle [appellants] to recover on any theory of the law when applied to the facts so stated."

From said judgment, appellants have brought this appeal. Appellants urge our review of three "issues."[1] These "issues" are as follows:

"Issue No. 1:

"The trial court errored [sic] when it found that plaintiffs-appellants had failed to state a claim upon which relief could be granted.

"Issue No. 2:

"The trial court errored [sic] when it ruled the city of Fremont was a necessary party.

"Issue No. 3:

"The trial court errored [sic] when it ruled plaintiff failed to state a prima facie case on his opening statement."

We find no merit in any of appellants' "issues."

Appellants' complaint, in essence, alleges that plaintiff-appellant Janene Crowe was walking along the sidewalk abutting the property of defendants-appellees, John E. and Kathryn S. Hoffman. The complaint further alleges that appellant Janene Crowe tripped and fell, sustaining injuries as a result, and that appellees were under a duty to keep the sidewalk abutting their property in good repair. A defect in said sidewalk, consisting of an elevation above the adjacent section in excess of two inches, was asserted to have proximately caused these injuries.

Although, in his opening statement, appellants' counsel did, to some degree, "flesh out" the contents of the complaint, the essential allegation remained the same, to wit: appellant Janene Crowe's injuries were proximately caused by a defect in the sidewalk, which appellees were under a legal duty to keep in good repair, but negligently failed so to do. A review of counsel's opening statement reveals that even if all the facts asserted therein were proven by the requisite degree of competent evidence, no issue would be presented for the jury to resolve under the law applicable to such facts.

As applied to the facts *sub judice,* the law is clear. An owner of property abutting a public sidewalk is not, generally, liable for injuries sustained by a pedestrian thereon. *Eichorn* v. *Lustig's, Inc.* (1954), 161 Ohio St. 11 [52 O.O. 467]; *Purdom* v. *Sapadin* (1960), 111 Ohio App. 488 [15 O.O.2d 185]; *Bertram* v. *Kroger Co.* (App. 1955), 72 Ohio Law Abs. 398, 401; *McCarthy* v. *Adams* (1932), 42 Ohio App. 455. To this general rule, there are three exceptions. First, when a pedestrian sustains injuries under such circumstances, the abutting property owner will be liable if *a statute or ordinance* imposes upon him a specific duty to keep the sidewalk adjoining his property in good repair. *Dennison* v. *Buckeye Parking Corp.* (1953), 94 Ohio App. 379 [52 O.O. 38]; *Thompson* v. *Parmly* (App. 1948), 54 Ohio Law Abs. 25; *McCarthy* v. *Adams, supra.* Second, the property

---

[1] While a separate statement of the "issues" presented for review is appropriate in clarifying the posture of the case on appeal, see App. R. 16(A)(3), the proper form for presenting *assignments of error* is to designate them separately as such. See App. R. 16(A)(2). However, for the purpose of this appeal, we will treat appellants' "issues" as stating assignments of error.

owner will be liable if by *affirmative acts* he created or negligently maintained the defective or dangerous condition causing the injury. *Eichorn* v. *Lustig's, Inc., supra; Bertram* v. *Kroger Co., supra; Cavanaugh* v. *Struthers Bowling Ctr.* (1954), 99 Ohio App. 530 [59 O.O. 424]; *McCarthy* v. *Adams, supra.* Third, the property owner will incur liability if he negligently permitted the defective or dangerous condition to exist *for some private use or benefit. Eichorn* v. *Lustig's, Inc., supra; Cavanaugh* v. *Struthers Bowling Ctr., supra; Thompson* v. *Parmly, supra.*

None of the foregoing exceptions appears in the pleadings as allegations of fact, nor do they appear in counsel's opening statement as assertions to be proved by competent evidence. In short, in light of prevailing case law, appellants' complaint and counsel's opening statement demonstrate no cause of action upon which relief can be granted.[2]

Directing a verdict for the defendant at the close of the plaintiff's opening statement is a well-established procedural technique. See *Brinkmoeller* v. *Wilson* (1975), 41 Ohio St. 2d 223 [70 O.O.2d 424]; *Archer* v. *Port Clinton* (1966), 6 Ohio St. 2d 74, 76 [35 O.O.2d 88]; *Cornell* v. *Morrison* (1912), 87 Ohio St. 215. The propriety of and policy behind this procedure stems from a desire for judicial economy. The Ohio Supreme Court first discussed this procedure in *Cornell* v. *Morrison, supra,* at pages 222-223, stating:

"While it is certainly true that a court should exercise great caution in summarily disposing of a case upon the statement of counsel, yet that it has the right and authority to do so in a proper case, cannot be doubted. Otherwise the time of the court and jury would be wasted to no purpose, for the result, if the evidence were introduced, must necessarily be the same. It is perhaps true that counsel, in stating his case, may inadvertently overlook some important facts that he is required to establish by the evidence, and for that reason, after the sufficiency of his statement has been challenged, he should then be given full and fair opportunity to explain and qualify his statement and make such additions thereto as, in his opinion, the proofs at his command will establish. But when counsel has covered in detail all of the matters and things he proposes to offer in support of the essential * * * [allegations of his complaint], and he has been given such opportunity to explain and qualify his statement and make any proper additions thereto, and it still appears that such facts, if established by the evidence, would not sustain the [allegations] and would not authorize verdict and judgment in favor of the plaintiff, it is not only the right but the duty of the court to act and prevent the unnecessary delay of a long and tedious trial and the waste of the time of the court and jury, that should be given to other litigation. *Such a motion on the part of the defendant is an admission, for the purposes of the motion, that the facts proposed to be proven by plaintiff are true, and, therefore, it is in substance*

---

[2] By the authority of R.C. 723.011, the city of Fremont enacted Section 521.06(A) of the Fremont Municipal Ordinances. Section 521.06(A) states, in pertinent part:

"No owner of any lot or land abutting upon any street shall refuse, fail or neglect to repair or keep in repair and free from nuisance and obstruction, the sidewalk in front of such lot or land *after due notice of a resolution of [city] council ordering the repair of such sidewalk*[.] * * * *If the owner or person having charge of such land fails to comply with such notice,* council shall cause the sidewalks to be repaired." (Emphasis added.)

Thus, in addition to pleading and proving that appellees were under a statutorily imposed duty to repair the defect in the sidewalk abutting their property, appellants would also have to plead and prove the following: (1) that the Fremont City Council passed a resolution specifically ordering appellees to repair the sidewalk; (2) that appellees had notice of said resolution; and, (3) that appellees refused or otherwise failed to obey such a resolution.

*and effect, for the purposes of the motion, an agreed statement of facts.*" (Emphasis added.) See, also, *Vest* v. *Kramer* (1952), 158 Ohio St. 78 [48 O.O. 38], paragraph two of the syllabus.

Construing counsel's opening statement as an agreed statement of facts, it is apparent that the trial court properly directed a verdict in favor of appellees. The question of law raised necessarily had to be resolved in appellees' favor, given those facts. Consequently, treating appellants' "issues" as setting forth assignments of error, we find that the same are not well-taken for the reasons herein discussed.

On consideration whereof, the judgment of the Sandusky County Court of Common Pleas is hereby affirmed.

Costs assessed against appellants.

*Judgment affirmed.*

CONNORS, P.J., and DOUGLAS, J., concur.