Plaintiffs-appellants Vincent Young, et al., appeal the decision of the trial court granting summary judgment to defendants-appellants Ray Blevins, et al., in this slip and fall case.
On May 6, 1995, Laurene Young (hereinafter "plaintiff") was walking home from a trip to a local shopping plaza when she tripped and fell over a raised concrete slab on the sidewalk in front of defendants' home.
Nearly two years later, on January 22, 1997, plaintiff filed a complaint against defendants and the City of Berea. Plaintiff argued defendants negligently maintained the sidewalk adjacent to their property which caused her to sustain severe personal injuries and other damages. The City of Berea then filed a cross-claim against defendants. Defendants filed an answer admitting they owned the property at issue but denying they negligently caused or contributed to the injuries of plaintiff.
Plaintiff testified at her deposition that she had lived in the area for over twenty years. She stated she had made this same walk, using the same path, two times a week for the past twenty years. On the day in question, plaintiff said she noticed a neighbor of hers walking in the street pushing her baby in a stroller. Plaintiff testified she was concerned about her neighbor and baby because drivers often speed down the street. Plaintiff said she was concentrating on her neighbor and baby when her right foot struck the raised slab of concrete causing her to fall. Upon further questioning, plaintiff stated there are many imperfections in the sidewalks in Berea because the tree roots have caused the concrete slabs to become uneven.
Defendant-Ray Blevins was also deposed. He stated he knew the sidewalk was "raised up" on one end. He said he did not know the exact height of the raised concrete slab but that it was maybe an inch in height. Defendant admitted that if something is raised two or three inches it can cause people to fall. He also said that he did not receive a citation or notice from the City of Berea that the raised concrete slab was in violation of a city ordinance.
Subsequently, defendants and the City of Berea filed motions for summary judgment. The trial court granted defendants' motion for summary judgment stating the "Berea ordinance requiring property owners to keep abutting sidewalks in repair and free from nuisance did not impose a duty on [defendants] Blevins to [plaintiff] where [defendants]] had no notice of a violation of the ordinance." However, the trial court denied the City of Berea's motion for summary judgment stating issues of material fact remained as to whether the defect in the sidewalk was substantial and whether Berea had constructive notice of the defect. The trial court also dismissed the City of Berea's cross-claim against defendant.
A short time later, plaintiff settled her claim against the City of Berea and filed a notice of appeal from the trial court's order granting summary judgment to defendants. On appeal, plaintiff submits a single assignment of error.
For her sole assignment of error, plaintiff states as follows:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS-APPELLEES. REASONABLE MINDS COULD DIFFER AS TO (1) WHETHER THE SIDEWALK UPON WHICH PLAINTIFF-APPELLANT, LAURENE YOUNG, TRIPPED AND FELL WAS DEFECTIVE, AS SUBSTANTIAL EVIDENCE THAT IT HAD CHANGES IN ELEVATION EXCEEDING TWO INCHES EXISTS AND (2) WHETHER A REASONABLE PRUDENT PERSON WOULD HAVE ANTICIPATED THAT AN INJURY WOULD RESULT FROM WALKING NORMALLY ON THAT SIDEWALK.
Plaintiff maintains the facts of this case meet all three exceptions to the general rule that an owner of property abutting a public sidewalk is not liable for injuries sustained by a pedestrian walking thereon. Regarding the three exceptions plaintiff argues: (1) section 921.06 of the Berea Codified Ordinances imposes a duty on defendants to keep the sidewalk abutting their property in repair and free from nuisance, (2) the defect in the sidewalk exceeded two inches and defendant admitted he knew it posed a hazard to pedestrians walking thereon, (3) thus defendants permitted the defective condition to exist for their private use or benefit. Moreover, plaintiff contends this case is similar to Presti v. The Gamekeepers Taverne (Dec. 8, 1994), Cuyahoga App. No. 66642. In Presti, plaintiff sustained injuries when she tripped and fell on a sidewalk that had different elevations of more than two inches in front of Gamekeeper's Taverne. This court reversed the trial court's granting of defendant's motion for summary judgment finding reasonable minds could differ as to whether there was a defect in the sidewalk and whether plaintiff had notice of the defect.
It is a well-known principle in Ohio that "[a]n owner of property abutting a public sidewalk is not, generally, liable for injuries sustained by a pedestrian thereon." Crowe v. Hoffman
(1983), 13 Ohio App.3d 254, 255 citing Eichorn v. Lustig's Inc.
(1954), 161 Ohio St. 11. However, there are three exceptions to this general rule. First, when a pedestrian sustains injuries under such circumstances, the abutting property owner will be liable if a statute or ordinance imposes upon him a specific duty to keep the sidewalk adjoining his property in good repair.Crowe, supra. Second, the property owner will be liable if, by affirmative acts, he created or negligently maintained the defective or dangerous condition causing injury. Third, the property owner will incur liability if he negligently permitted the defective or dangerous condition to exist for some private use or benefit. Eichorn, supra.
Regarding the first exception, this court has noted that an ordinance enacted by a municipality imposing liability on a property owner for damages sustained by a third party may not be relied upon to impose liability where the municipality fails to provide the owner with notice of the violation. Elkins v. Cityoff Lakewood (Nov. 25, 1998), Cuyahoga App. No. 73778, unreported; Kingston v. Austin Development Company (Feb. 3, 1998), Cuyahoga App. No. 72034, unreported.
In the instant case there is no evidence that defendant was issued a citation or put on notice as to the condition of his sidewalk. Thus, pursuant to our prior holdings in Elkins andKingston the first exception to the general non-liability rule does not apply.
Similarly, there is no evidence to support application of the second and third exceptions to the facts of the present case. Plaintiff suggests that because the defect in the sidewalk was greater than two inches and because defendant knew of the defect and knew it posed a hazard, this satisfies the second and third exceptions. We find these arguments unpersuasive.
At his deposition, defendant stated he knew the sidewalk was raised, "maybe an inch," but he did not measure the elevation. Although defendant was aware the concrete slab was raised and might cause somebody to fall, there is no evidence to show he took affirmative acts to create or maintain the raised slab. Moreover, plaintiff does not refer to any evidence in the record which shows defendant permitted the raised slab to exist for his private use or benefit. Plaintiff simply does not support with any evidence his argument that the second and third exceptions, mentioned above, apply to the instant case. He merely makes unsubstantiated allegations that because defendant was aware of the raised slab, liability automatically attaches.
As to Presti, this court reversed the granting of summary judgment because the plaintiff presented evidence which would allow reasonable minds to disagree regarding whether there was a defect in the sidewalk and whether the plaintiff had notice of this defect. This reasoning is not analogous to the instant case because in the instant case there was no evidence presented which demonstrated defendant had notice of the defect in the sidewalk. Defendant testified he did not measure the concrete slab but thought it was raised maybe an inch. Moreover, he did not testify the raised concrete slab amounted to a defect in the sidewalk or that he had been notified the sidewalk was defective. As a result, Presti is inapplicable.
Pursuant to Civ.R. 56 (C), a motion for summary judgment shall only be granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Summary judgment shall not be granted unless it appears from the evidence that reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion is made. In reviewing a motion for summary judgment, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Temple United, Inc. v. Wean (1977), 50 Ohio St.2d 317.
Moreover, upon motion for summary judgment pursuant to Civ.R. 56, the burden of establishing that material facts are not in dispute and that no genuine issue of fact exists is on the party moving for summary judgment. Harless v. Willis Day Warehousing
(1978), 54 Ohio St.2d 64. However, in that Civ.R. 56 (E) requires that a party set forth specific facts showing that there is a genuine issue for trial, such party must so perform if he is to avoid summary judgment. Van Fossen v. Babcock Wilcox Co.
(1988). 36 Ohio St.3d 100, paragraph seven of the syllabus.
Having construed the facts in a light most favorable to plaintiff, we find reasonable minds could not differ as to whether defendant took affirmative acts to create or maintain a defective or dangerous condition, or that defendants negligently permitted the raised slab to exist for some private use or benefit. Accordingly, the trial court did not err in granting summary judgment in favor of defendants and plaintiff's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES M. PORTER, A.J., LEO M. SPELLACY, J., CONCUR.
 ____________________ JUDGE JOHN T. PATTON