DECISION AND JUDGMENT ENTRY
{¶ 1} In this personal injury action, Mariann and David Morgan appeal the summary judgment that the court granted in favor of Kimberly Flower Gracely. The court applied the general rule of premises liability to find that Gracely owed no duty to the Morgans since she didn't own the property where Mrs. Morgan fell. The Morgans contend an exception to the general rule applies because Gracely permitted a defective or dangerous condition to exist for her private use or benefit on the city property where the injury occurred. However, the Morgans have failed to produce any summary judgment evidence to show that Gracely negligently maintained or used the city property for her private benefit. Thus, the trial court properly ruled Gracely did not owe a legal duty to Mrs. Morgan and cannot be held liable for her injuries.
 {¶ 2} Mrs. Morgan, a case manager for Washington Mental Health, had Gracely's daughter, Cindy Flower as one of her clients. As a part of her job, Mrs. Morgan made regular visits to Gracely's house to see Cindy. Mrs. Morgan sustained injuries during one of these visits when she stepped into an ankle deep hole in a strip of lawn located between the street and the sidewalk in front of Gracely's house. This strip is owned by the city of Lowell, Ohio. The Morgans filed a complaint alleging that Gracely was liable for injuries caused by her failure to warn an invitee of a dangerous condition, about which Gracely had actual or constructive knowledge. Gracely moved for summary judgment on the basis that the city owned the land where Morgan fell. Since Gracely did not own the property, the court concluded she did not owe any duty to the Morgans. And because the Morgans failed to produce any evidence to show that Gracely negligently permitted a dangerous condition to exist for her private use or benefit, no exception to the rule applied. The Morgans appeal and assert the following assignment of error:
THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT WHEN THE CASE PRESENTS GENUINE ISSUES OF MATERIAL FACT AND THE DEFENDANT WAS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW.
 I. SUMMARY JUDGMENT STANDARD {¶ 3} We review a trial court's decision to grant summary judgment on a de novo basis. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. We apply the same criteria as the trial court, which is the standard contained in Civ.R. 56. LorainNatl. Bank v. Saratoga Apts. (1989) 61 Ohio App.3d 127, 129. Under Civ.R. 56(C), summary judgment is proper if: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to one conclusion when viewing the evidence in favor of the non-moving party, and that conclusion is adverse to the non-moving party. See Grafton, supra.
 {¶ 4} The party moving for summary judgment has the initial burden of informing the trial court of the basis of the motion, and identifying those portions of the record that demonstrate the absence of a material fact. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. To meet its burden, the moving party must specifically refer to the "pleadings, depositions, answers to interrogatories, written stipulations of fact, if any," which affirmatively demonstrate that the non-moving party has no evidence to support the non-moving party's claims. Civ.R. 56(C);id.
 {¶ 5} If the moving party satisfies its burden, then the burden shifts to the non-moving party to offer specific facts showing a genuine issue for trial. Civ.R. 56(E); Dresher,
supra. The non-moving party must come forward with documentary evidence rather than resting on unsupported allegations in the pleadings. Kascak v. Diemer (1996), 112 Ohio App.3d 635, 638. A trial court may grant a properly supported motion for summary judgment if the non-moving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing the existence of a genuine issue for trial. Mayes v.Holman (1996), 76 Ohio St.3d 147.
 II. NEGLIGENCE CLAIM {¶ 6} In order to recover on a negligence claim, a plaintiff must prove the existence of a duty of care, a breach of that duty, and that damages proximately resulted from the breach.Jeffers v. Olexo (1989), 43 Ohio St.3d 140, 142,539 N.E.2d 614, 616. If the defendant owes no duty, the plaintiff cannot recover for negligence. Id. The question of whether a duty exists is a question of law for the court to determine. Stevensv. Highland County Board of Commissioners (2004), Highland App. No. 04CA8, at 3, citing Mussivand v. David (1989),45 Ohio St.3d 314, 318, 544 N.E.2d 265, 270. Unlike determinations of fact which are given great deference, we review questions of law on a de novo basis. Nationwide Mut. Fire Ins. Co. v. GumanBros. Farm (1995), 73 Ohio St.3d 107, 108, 652 N.E.2d 684, 686.
 {¶ 7} In premises liability situations, the duty that an owner of land owes to individuals coming onto the property is determined by the relationship between the parties. Light v.Ohio University (1986), 28 Ohio St.3d 66, 67, 502 N.E.2d 611,613. The standard of care changes depending upon whether the entrant is characterized as an invitee, licensee or trespasser.Gladon v. Greater Cleveland Regional Transit Authority (1996),75 Ohio St.3d 312, 315, 662 N.E.2d 287, 291.
 {¶ 8} While Mrs. Morgan would qualify as an invitee on Gracely's property, the injury did not occur there. All the summary judgment evidence indicates her injury happened on the property owned by the city of Lowell, Ohio. This parcel is directly in front of Gracely's property and forms a narrow strip of lawn between the street and the sidewalk.
 {¶ 9} Although Mrs. Morgan's injury did not occur on the sidewalk, she looks to the law concerning sidewalks and abutting landowners for a remedy. Normally, the owner of property that abuts a public sidewalk is not liable for injuries sustained by pedestrians using the sidewalk because the duty to keep streets, including sidewalks, in repair rests upon municipality and not upon the abutting owners. Eichorn v. Lustig's Inc. (1954),161 Ohio St. 11, 13-14, 117 N.E.2d 436, 437. However, there are three exceptions to this rule:
First, an abutting landowner will be liable for a pedestrian's injuries if a statute or ordinance imposes upon him a specific duty to keep a sidewalk adjoining his property in good repair.Crowe v. Hoffmann (1983), 13 Ohio App.3d 254, 255,468 N.E.2d 1120, 1122. Second, the landowner will be liable if his affirmative acts created or negligently maintained the defective or dangerous condition causing the injury. Id. citing Eichorn,supra. Third, the landowner will be liable if he negligently permitted the defective or dangerous condition to exist * * * for some private use or benefit. Id.
 {¶ 10} While the same principles and analysis may be applied to publicly owned "lawn strips," see Mudrak v. KKH RealtyCorp., Belmont Co. App. No. 93-B-31, 1994 WL 583099, there is no evidence in the record that either of the first two exceptions apply here. Mrs. Morgan cites no statute imposing a duty upon Gracely to keep the adjoining property in good repair. Nor did she produce any evidence that Gracely created or maintained the dangerous condition that caused the injury. While there is some evidence that Gracely occasionally filled small snake holes on other parts of the strip, this conduct does not arise to the level of affirmatively assuming a general duty of maintaining the condition of the entire strip. Nor is there any evidence to indicate she did any repairs or upkeep on the hole in question.
 {¶ 11} Thus, the only possible basis for imposing liability upon Gracely is that she negligently permitted the condition to exist for her private use or benefit. The Morgans argue that the record contains evidence that Gracely was aware of the existence of the holes in the yard, and thus, is liable under the third exception. Gracely disputes that she knew of the holes, but even assuming that she had knowledge, this fact still does not give rise to the third exception. The exception requires that the owner negligently permitted the condition to exist for her own private use or benefit. Mere knowledge that a condition exists does not satisfy that requirement. See Guder v. Kuhr, First District App. Nos. C-940517, C-940521, C-940539, 1995 WL 444333. The Morgans have not presented any evidence to show that Gracely permitted the condition to exist in order that she might realize some benefit from it.
 {¶ 12} The Morgans also argue that the third exception applies because Gracely regularly mowed the strip of lawn and filled a few dime-sized snake holes with potting soil. However, assuming these facts are true, they do not show that Gracely permitted the actual hole that caused the injury to exist for her benefit. Gracely may have received some aesthetic benefit from mowing the strip of lawn, but she did not receive any benefit from having the ankle-deep hole in the lawn. Nor is there any evidence that she created the hole.
 {¶ 13} Because the city of Lowell, Ohio owned the lawn in which Mrs. Morgan fell, and since the Morgans failed to produce any evidence to show that one of the three exceptions to the general rule applied, Gracely did not owe a duty to Mrs. Morgan.
 {¶ 14} We affirm the trial court's grant of summary judgment because there is no genuine issue of material fact and Gracely is entitled to judgment as a matter of law.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J.: Concurs in Judgment and Opinion.
McFarland, J.: Concurs in Judgment Only.