[Cite as *Johnson v. Smith*, 2026-Ohio-1944.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

CLARENCE JOHNSON

    Appellants

v.

NIC SMITH

    Appellee

C.A. No.     31598

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2023-12-4661

DECISION AND JOURNAL ENTRY

Dated: May 27, 2026

CARR, Presiding Judge.

{¶1}  Plaintiffs-Appellants Clarence and Marcia Johnson appeal the judgment of the Summit County Court of Common Pleas.  This Court affirms in part, reverses in part, and remands the matter for proceedings consistent with this decision.

I.

{¶2}  On September 12, 2022, Mr. Johnson, who was 77 years old at the time, was walking his dog along a sidewalk near his home.  Mr. Johnson fell in the vicinity of the property of Defendant-Appellee Nic Smith and sustained serious injuries.  The sidewalk in the area where Mr. Johnson fell was uneven.

{¶3}  In December 2023, the Johnsons filed a complaint against Mr. Smith asserting a claim for negligence/negligence per se and loss of consortium.  Mr. Johnson cited to Macedonia Cod.Ord. 521.06(a) in support of his claim.

{¶4} In March 2025, Mr. Smith filed a motion for summary judgment. The Johnsons opposed the motion. In so doing, they relied in part on the affidavit of a neighbor who found Mr. Johnson on the ground after his fall, and the expert report and affidavit of Richard Zimmerman, who conducted an architectural, safety, and human factors investigation. Mr. Smith filed a motion to strike the affidavit of the neighbor and asserted that Mr. Zimmerman's affidavit and report were immaterial because the Johnsons could not demonstrate that the uneven sidewalk caused Mr. Johnson to fall. In the alternative, Mr. Smith sought an extension of discovery pursuant to Civ.R. 56(F). The Johnsons opposed the motion. The trial court granted summary judgment to Mr. Smith on the complaint.

{¶5} The Johnsons have appealed, raising two assignments of error for our review. They will be addressed out of sequence to facilitate our discussion.

II.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT ERRED IN GRANTING DEFENDANT SUMMARY JUDGMENT BECAUSE GENUINE ISSUES OF MATERIAL FACT HAD BEEN ESTABLISHED UPON THE NEGLIGENCE AND NEGLIGENCE PER SE CLAIMS.

{¶6} The Johnsons assert in their second assignment of error that the trial court erred in granting summary judgment to Mr. Smith. While the assignment of error mentions both negligence and negligence per se, the focus of the Johnsons' argument is negligence per se. Notably, in their brief, in the conclusion paragraph, they ask for the matter to be remanded only on their claim for negligence per se. We will limit our discussion accordingly.

{¶7} Pursuant to Civ.R. 56(C), summary judgment is proper if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence

most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶8}     The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996).  Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C).  *Id*.  Once a moving party satisfies its burden of supporting its motion for summary judgment with acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings.  *Id*. at 293.  Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated at trial.  *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996).

{¶9}     "In order to recover on a negligence claim, a plaintiff must prove (1) that the defendant owed the plaintiff a duty, (2) that the defendant breached that duty, and (3) that the breach of the duty proximately caused the plaintiff's injury." *Chambers v. St. Mary's School*, 82 Ohio St.3d 563, 565 (1998).  "Where a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises." *Lang v. Holly Hill Motel, Inc.*, 2009-Ohio-2495, ¶ 11, quoting *Armstrong v. Best Buy*, 2003-Ohio-2573, syllabus.  While "the open-and-obvious doctrine can excuse a defendant's breach of a common-law duty of care, it does not override statutory duties." *Lang* at ¶ 14.  "Where a legislative enactment imposes a specific duty for the safety of others, failure to perform that duty is negligence per se.  Application of negligence per se in a tort action means that the plaintiff has conclusively established that the defendant breached the duty that he or she owed to the plaintiff.  It is not a finding of liability per se because the

plaintiff will also have to prove proximate cause and damages." (Emphasis omitted. Internal citation omitted.) *Chambers* at 565.

{¶10} Here, the Johnsons asserted that Mr. Smith violated Macedonia Cod.Ord. 521.06(a), and that that violation led to Mr. Johnson's injuries. That ordinance states that "[n]o owner or occupant of abutting lands shall fail to keep the sidewalks, curbs or gutters in repair and free from snow, ice or any nuisance." *Id.*

{¶11} In its entry, the trial court concluded that any defect in the sidewalk was insubstantial as the height difference was less than two inches, the Johnsons could not establish that Mr. Smith owed them a duty, and the Johnsons could not establish causation.

{¶12} The Court has concluded "that variations in sidewalk levels of less than two inches are, as a matter of law, minor or trivial imperfections that are not unreasonably dangerous." *Campbell v. GMS Mgt. Co. Inc.*, 1994 WL 108886, *2 (9th Dist. Mar. 30, 1994). Despite the trial court's conclusion to the contrary, there was evidence that the height difference in the sidewalk exceeded two inches. During his deposition, Mr. Smith was asked to examine a photo. In that photo, Mr. Smith is holding a tape measure by the gap in the sidewalk. Mr. Smith was asked what the measurement of the height difference was and he stated, "It's hard to say because it's not completely level but it looks like it's at least below two-and-a-half inches or around two-and-a-half inches." In addition, the Johnsons submitted the affidavit of the neighbor who came to Mr. Johnson's aid after the fall. The neighbor averred that she often walked in the area, was aware of this particular part of the sidewalk, and asserted that the difference in height was at least two or three inches. We are mindful that the trial court is bound to consider the evidence in a light most favorable to the nonmoving party. *See Temple*, 50 Ohio St.2d at 327.

{¶13}  As to the overall element of duty, while the trial court did discuss negligence in its judgment entry, it did not mention negligence per se.  As mentioned above, when negligence per se is established, so are the elements of duty and breach.  *See Chambers*, 82 Ohio St.3d at 565.  "This Court has consistently held that it is the trial court's duty to resolve issues in the first instance." *Mourton v. Finn*, 2012-Ohio-3341, ¶ 9 (9th Dist.), citing *Neura v. Goodwill Industries*, 2012-Ohio-2351, ¶ 19 (9th Dist.).  In light of the lack of clarity in the trial court's judgment entry, we cannot discern whether the trial court even evaluated Mr. Johnson's negligence per se claim.  If we were to undertake that process now, we would not be functioning as a reviewing court.  *See Mourton* at ¶ 9.  Nonetheless, we proceed to analyze the trial court's conclusion that the Johnsons failed to establish a genuine issue of material fact with respect to the issue of causation as if they indeed failed to establish causation, it would be impossible for them to succeed on their negligence per se claim.  *See Chambers*, 82 Ohio St.3d at 565.

{¶14}  We conclude the Johnsons demonstrated that there remains a genuine issue of material fact with respect to the issue of causation.  While it is true that, at the first day of Mr. Johnson's deposition, he testified that he was not sure why he fell and did not recall anything from the time he left his house until he heard the neighbor's voice, there was evidence which would tend to support that the uneven sidewalk caused Mr. Johnson to fall.  Months later, at the second day of his deposition, when asked if he knew for certain what caused his fall, he stated that there was a raised spot in the sidewalk that was higher.  In order to explain the discrepancy in his testimony, he offered that he might remember a little bit more than he did before.

{¶15}  Further, we conclude that the trial court erred in discounting the affidavit of the neighbor based upon hearsay.  As noted above, in support of their position, the Johnsons offered the affidavit of the neighbor who found Mr. Johnson.  The neighbor averred that when she came

across Mr. Johnson, he was lying face down in the grass adjacent to a sidewalk and was unable to move. Mr. Johnson was complaining of not being able to breathe and could not turn over. The neighbor helped Mr. Johnson onto his back and asked him what had happened. Mr. Johnson informed her that he tripped over the uneven sidewalk. The neighbor noticed that the section of sidewalk near Mr. Johnson's feet was uneven with a height difference between slabs of at least two to three inches.

{¶16} The trial court concluded that Mr. Johnson's statement to the neighbor about the cause of his fall was hearsay. The Johnsons maintained that the statement should not be excluded as it was a present sense impression, *see* Evid.R. 801(1), and an excited utterance. *See* Evid.R. 801(2). Given that the neighbor found Mr. Johnson on the ground following his fall, at a minimum we conclude that the statement was admissible under Evid.R. 801(2). Mr. Johnson suffered serious injuries, including a fractured neck, which required surgery and a lengthy hospital stay. When the neighbor found Mr. Johnson, he was unable to move or breathe well, and thus, undoubtedly was still "under the stress of excitement caused by the event or condition." Evid.R. 801(2).

{¶17} Additionally, the observations of the neighbor were not hearsay and provided circumstantial evidence as to the cause of Mr. Johnson's fall. The neighbor noted that Mr. Johnson's feet were near a section of uneven sidewalk with a height difference between slabs of at least two to three inches. Given that Mr. Johnson was unable to move on his own after the fall, one could reasonably infer, particularly when viewing the evidence in a light most favorable to the Johnsons, that Mr. Johnson tripped on the unlevel section of sidewalk near where his feet were observed to be after he fell.

{¶18} Accordingly, we sustain the Johnsons' second assignment of error to the extent discussed above and remand the matter for the trial court to fully analyze Mr. Johnson's negligence per se claim.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AS A MATTER OF LAW, AND OTHERWISE COMMITTED AN ABUSE OF DISCRETION, BY REFUSING SUA SPONTE TO CONSIDER PLAINTIFFS' TIMELY FILED EXPERT AFFIDAVIT AND REPORT.

{¶19} The Johnsons argue in their first assignment of error that the trial court erred and abused its discretion by failing to consider their expert's affidavit and report.

{¶20} "The admission or exclusion of expert testimony lies in the sound discretion of the trial court and will, therefore, not be overturned absent an abuse of that discretion." *Rivenbark v. Discount Drug* Mart, 2018-Ohio-4072, ¶ 32 (9th Dist.), quoting *Magnum Steel & Trading, LLC v. Mink*, 2013-Ohio-2431, ¶ 35 (9th Dist.).

{¶21} Here, the expert's affidavit and report does not mention Macedonia Cod.Ord. 521.06(a) and instead discusses several other provisions and associated violations. The Johnsons' negligence per se claim, is based only upon an alleged violation of Macedonia Cod.Ord. 521.06(a). Thus, even if we were to assume that the trial court abused its discretion in failing to consider the affidavit and expert report, we fail to see how the Johnsons have been prejudiced by this error; the Johnsons have not asked this Court to remand the matter for trial on the negligence claim and their negligence per se claim is not based on the provisions discussed by their expert. *See* Civ.R. 61.

{¶22} The Johnsons' first assignment of error is overruled.

III.

{¶23} The Johnsons' first assignment of error is overruled. Their second assignment of error is sustained to the extent discussed above, and the matter is remanded for proceedings

consistent with this decision. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and the cause is remanded.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
DONNA J. CARR
FOR THE COURT

SUTTON, J.
CONCURS.

FLAGG LANZINGER, J.
DISSENTING.

{¶24} I respectfully dissent from the majority opinion. Consistent with precedent from the Ohio Supreme Court, I would overrule the Johnsons' second assignment of error on the basis that Smith owed no duty to Johnson as a matter of law. Based on that resolution, I would overrule the Johnsons' first assignment of error as moot. *See* App.R. 12(A)(1)(c). Accordingly, I would affirm the decision of the trial court.

{¶25} "In general, a cause of action for negligence requires proof of (1) a duty requiring the defendant to conform to a certain standard of conduct, (2) breach of that duty, (3) a causal connection between the breach and injury, and (4) damages." *Cromer v. Children's Hosp. Med. Ctr. of Akron*, 2015-Ohio-229, ¶ 23. "Typically, a duty may be established by common law, legislative enactment, or by the particular facts and circumstances of the case." *Chambers v. St. Mary's School*, 82 Ohio St.3d 563, 565 (1998). "Where a legislative enactment imposes a specific duty for the safety of others, failure to perform that duty is negligence per se." *Id.*, citing *Eisenhuth v. Moneyhon*, 161 Ohio St. 367 (1954), paragraph two of the syllabus.

{¶26} As the Ohio Supreme Court has explained, "[t]he concept of negligence per se allows the plaintiff to prove the first two prongs of the negligence test, duty and breach of duty, by merely showing that the defendant committed or omitted a specific act prohibited or required by statute; no other facts are relevant." *Lang v. Holly Hill Motel, Inc.*, 2009-Ohio-2495, ¶ 15. In the absence of a duty, a plaintiff's negligence and negligence per se claims fail as a matter of law. *See Jacobs v. Great Southern Shopping Ctr., LLC*, 2024-Ohio-1180, ¶ 25 (10th Dist.).

{¶27} "The duty element of negligence . . . is a question of law for the court to determine." *Wallace v. Ohio Dept. of Commerce*, 2002-Ohio-4210, ¶ 22. "Generally, an owner of land abutting a sidewalk is not liable for injuries to pedestrians on a sidewalk." *Pozniak v. Recknagel*, 2004-

Ohio-1753, ¶ 13 (9th Dist.), citing *Eichorn v. Lustig's, Inc.*, 161 Ohio St. 11, syllabus (1954). As the Ohio Supreme Court has explained, "[o]rdinarily, the duty to keep streets, including sidewalks, open, in repair and free from nuisance rests upon a municipality and not upon the abutting owners." *Eichorn* at 13.

{¶28} Courts have acknowledged three exceptions to this general rule. "First, when a pedestrian sustains injuries under such circumstances, the abutting property owner will be liable if *a statute or ordinance* imposes upon him a specific duty to keep the sidewalk adjoining his property in good repair." (Emphasis in original.) *Crowe v. Hoffman*, 13 Ohio App.3d 254, 255 (6th Dist. 1983). "Second, the property owner will be liable if by affirmative acts he created or negligently maintained the defective or dangerous condition causing the injury." (Emphasis omitted.) *Id.* at 255-256. "Third, the property owner will incur liability if he negligently permitted the defective or dangerous condition to exist for some private use or benefit." (Emphasis omitted.) *Id.* at 256. The Johnsons argued below and again on appeal that the first exception applies, which precluded summary judgment in favor of Smith. I disagree.

{¶29} Macedonia Cod.Ord. 521.06(a) provides that "[n]o owner or occupant of abutting lands shall fail to keep the sidewalks, curbs or gutters in repair and free from snow, ice or any nuisance." In addressing an identical ordinance, the Ohio Supreme Court explained that such an ordinance "does not raise a duty on owners and occupiers to the public at large, and such statutes should not, as a matter of public policy, be used to impose potential liability on owners and occupiers who have abutting public sidewalks." *Lopatkovich v. City of Tiffin*, 28 Ohio St.3d 204, 207 (1986); *id.* at fn. 1.

{¶30} This Court has relied on *Lopatkovich* to conclude that similar ordinances do "not impose a duty on landowners to protect the public at large from any defects or obstructions that

might arise in public sidewalks abutting their property." *Settie v. Palmer*, 1993 WL 498212, *2-3 (9th Dist. Dec. 1, 1993); *Pozniak v. Recknagel*, 2004-Ohio-1753, ¶ 17-18 (9th Dist.). Other courts have done the same. *Donnelly v. City of Berea*, 2020-Ohio-2722, ¶ 16-17 (8th Dist.) (analyzing an identical ordinance, collecting cases, and stating that "Ohio case law is clear that ordinances like this one do not impose a duty on property owners to the public at large, and a property owner's failure to comply with such an ordinance, without more, does not create a private right of action for pedestrians injured on public sidewalks."); *Burgess v. Johnson*, 2011-Ohio-5241, ¶ 22-27 (5th Dist.); *see Jacobs v. Great Southern Shopping Ctr., LLC*, 2024-Ohio-1180, ¶ 23 (10th Dist.). Consistent with this precedent, I would hold that Macedonia Cod.Ord. 521.06(a) did not impose a duty on Smith for purposes of the Johnsons' negligence claims.

{¶31} Even if Macedonia Cod.Ord. 521.06(a) imposed a duty on Smith, courts have concluded that "[a]n owner of land abutting a public sidewalk will be liable for failure to comply with that ordinance *only if* the municipality notifies the landowner of the violation." (Emphasis added.) *Donnelly* at ¶ 16, 18 (analyzing an identical ordinance and collecting cases); *see Jacobs* at ¶ 23-24 (acknowledging that some courts recognize a notice requirement, but emphasizing that "fundamentally, these ordinances do not impose liability on a property owner for damages sustained by third parties for the owner's failure to comply with the ordinances."). Here, there was no dispute that the City of Macedonia never notified Smith of a violation of Macedonia Cod.Ord. 521.06(a).

{¶32} Based on the foregoing, I would conclude that the trial court did not err when it granted summary judgment in favor of Smith because the Johnsons failed to present evidence indicating that Smith owed Johnson a duty. *See Pozniak* at ¶ 12 ("[T]he existence of a duty is crucial to establishing a claim for negligence; without a duty, legal liability cannot exist.").

Although the trial court set forth two alternative bases for granting summary judgment in favor of Smith, the absence of a duty is dispositive of the Johnsons' claims. *See Jacobs* at ¶ 9 ("A plaintiff's failure to present evidence establishing any one of these elements will entitle the defendant to judgment.").

**{¶33}** For these reasons, I respectfully dissent.

APPEARANCES:

W. CRAIG BASHEIN and THOMAS J. SHEEHAN, Attorneys at Law, for Appellants.

PAUL FLOWERS, Attorney at Law, for Appellants.

BRIAN KERNS, Attorney at Law, for Appellee.

SARAH E. SEIDE, Attorney at Law, for Appellee.